1998 ME 50

Margaret E. BARTLETT

v.

TOWN OF STONINGTON et al.

Supreme Judicial Court of Maine.

Argued Dec. 1, 1997.
Decided March 9, 1998.

James E. Patterson (orally), Ellsworth, for plaintiff.

John L. Carver (orally), Joseph W. Baiungo, Carver, Kinball & Baiungo, Belfast, for Robert and Helene Quinn.

Mary N. Kellett (orally), Law Offices of Ellen S. Best, Blue Hill, for Town of Stonington.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

ROBERTS, Justice.

[¶ 1] Margaret E. Bartlett appeals from the judgment entered in the Superior Court (Hancock County, *Mead, J.*) affirming the decision of the Town of Stonington Board of Appeals. Bartlett contends that the board of appeals unlawfully denied her a building permit by applying against her a zoning ordinance that had been repealed, or, in the alternative, by misinterpreting a term in that ordinance. We affirm the judgment.

[¶ 2] In 1990 Bartlett received a building permit from the Town's code enforcement officer (CEO) to construct a garage on her property. The CEO subsequently issued a stop work order when he determined that the structure would violate the Town's shoreland ordinance, which required that any building be located at least 20 feet from the property's side line.

[¶ 3] Relying on information submitted by Bartlett concerning the location of the property line, and concluding that no zoning violation would occur, the CEO rescinded the stop work order. Bartlett's neighbors, Robert and Helene Quinn, contested Bartlett's claims concerning the location of the property line and appealed the CEO's action to the board of appeals. Nevertheless, Bartlett completed construction of the garage.

[¶ 4] While that appeal was pending before the board of appeals, the Board of Environmental Protection in April 1994 imposed on the Town the State Guidelines for Municipal Shoreland Zoning Ordinances pursuant to 38 M.R.S.A. § 438–A(4) (Supp.1997). Unlike the town ordinance, the state ordinance did not contain side line requirements.

[¶ 5] After a judgment of the Superior Court resolved the property line dispute in favor of the Quinns, the board of appeals reinstated the stop work order. Bartlett then applied to the planning board for a special exception permit, which was granted. The Quinns appealed the planning board's decision to the board of appeals.

[¶ 6] In March 1996 the board of appeals found that Bartlett's application should be reviewed under the town ordinance, not the state ordinance. Interpreting the town ordinance, the board found that the planning board erred when it construed the term "setback" to include side line requirements. The board concluded that side line requirements could be relaxed only by variance, and only the board of appeals, not the planning board, could grant a variance. The board of appeals rescinded the planning board's special exception permit and reinstated the stop work order.

[¶ 7] Bartlett appealed that decision to the Superior Court. In May 1997 the court found, *inter alia,* that the state ordinance did not repeal the town ordinance but rather supplemented it, and that the board of appeals properly interpreted the town ordinance.

[¶ 8] When the Superior Court, acting as an intermediate appellate court, reviews an agency decision without developing additional evidence beyond the record before the agency, we review directly the administrative record. *Weekley v. Town of Scarborough,* 676 A.2d 932, 933 (Me.1996).

[¶ 9] Bartlett's contention that the imposition of the state ordinance on the Town effectively repealed the town ordinance is incorrect. When interpreting a statute, "we look first to the plain meaning of the statutory language to give effect to legislative intent, and if the meaning of the statute is clear on its face, then we need not look beyond the words themselves." *Cook v. Lisbon School Comm.,* 682 A.2d 672, 676 (Me. 1996) (citation omitted). Although the ordinance imposed on the Town contains language that could be used, at a municipality's option, to rescind its own ordinance, the Town in this instance did not adopt that language.

[¶ 10] The ordinance required by statute sets minimum conditions. The preface to the mandated ordinance provides that the Board of Environmental Protection "encourages municipalities to consider local planning documents and other special local considerations, and to modify [the state] ordinance into one that meets the needs of the particular community." Me. Dep't of Envtl. Prot., State of Maine Guidelines for Municipal Shoreland Zoning Ordinances (March 24, 1990), *as amended* July 14, 1992. Section 7 of the state ordinance provides: "Whenever a provision of this Ordinance conflicts with or is inconsistent with another provision of this Ordinance or any other ordinance, regulation or statute, the more restrictive provision shall control." The board of appeals, therefore, did not act unreasonably by interpreting the state ordinance to supplement, rather than to repeal, the town ordinance. Moreover, the board of appeals did not act unreasonably by applying the town's more restrictive side line requirements to Bartlett.

[¶ 11] Bartlett asserts in the alternative that the planning board properly approved her project through the special exception procedure because under the town ordinance the planning board is empowered to grant special exceptions to setback requirements. The board of appeals found, however, that the planning board was without power to approve an exception to the side line requirements. Reasoning that "setback" refers only to the distance between the shoreline and structures and not between side lines and structures, the board of appeals concluded that the special exception procedure was inapplicable to side line requirements.

[¶ 12] The town ordinance specifically defines "setback" as "[t]he number of feet a given structure is located from the shoreline, measured horizontally." Although, as Bartlett argues, in other contexts the term "setback" may have a commonly understood meaning that is broader than the ordinary definition, the Town is free to define with specificity any terms used within its ordinance. Because the plain language of the ordinance "answers the interpretive question raised by the parties, the language must prevail and no further inquiry is required." *Cook v. Lisbon School Comm.,* 682 A.2d at 676. The Board of Appeals properly concluded that the term "setback" in the town ordinance does not apply to side line requirements.

[¶ 13] No other issues raised by Bartlett require discussion.

The entry is:

Judgment affirmed.