STATE OF MAINE
SUPERIOR COURT
CIVIL ACTION
YORK, ss.
DOCKET NO. AP-00-031

*PAF -YOR-10/8/2000*

ROBERT LOGAN,

Plaintiff

ORDER
v.
AND
DECISION

DONALD L. GARBRECHT
LAW LIBRARY

OCT 5

CITY OF BIDDEFORD, et al.,

Defendants

Robert Logan purchased real estate on both sides of Mile Stretch Road in Biddeford pursuant to a deed of November 6, 1998 recorded at Book 9176, Page 276 of the York County Registry of Deeds. The real estate on the southeasterly side of the road is shown as lot 6 on Biddeford Tax Map 62, while the land on the northwesterly side constitutes lots 29, 30, 31 and 32 on the same tax map. These last four lots are now non-conforming sub-standard sized lots. A house is now located on lot 32 and a garage is on lot 31. Lots 29 and 30 are vacant.

In December of 1999 the plaintiff filed an application with the Biddeford Planning Board for a Shoreland Zoning Permit to build an additional home on lots 29 and 30. That request was denied in a notice of decision of January 7, 2000 because the board found ". . . that lots 29, 30, 31 and 32 have merged and that the non-conforming lots of record no longer exist." The Biddeford Board of Zoning Appeals denied the administrative appeal from the decision of the Planning Board. A timely appeal was then filed with this Court.

The initial and dispositive issue is whether the November 6, 1998 deed merged the lots regardless of whether the lots on the tax map would be merged under the non-conforming lots provisions found at Section 12(E) of the Biddeford Shoreland Zoning Ordinance.

In examining the deed it appears that, just as property can be divided by deed, property on the northwesterly side was combined.   Lots 29, 30, 31 and 32 were described as "A certain lot or parcel of land" and were described with a perimeter description.  While ". . . the use of the scrivener's device of describing multiple contiguous lots by their external perimeter" does not destroy "the independent standing of the constituent parts." See *Bailey v. City of South Portland*, 1998 Me. 50, ¶8, 707 A.2d 391, 3 the description as a certain lot or parcel of land, rather than lots or parcels, does.

Since the deed itself has merged the formerly separate lots, the Planning Board and Board of Zoning Appeals were correct in their decisions.  Whether the Shoreland Zoning Ordinance would merge any of the lots need not be decided as the deed has produced the merger.

The entry is:

> Decision of the Biddeford Board of Zoning Appeals is affirmed.

Dated:          October 3, 2000

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:   Ralph Austin, Esq.
WOODMAN EDMANDS DANYLIK & AUSTIN
PO Box 468
Biddeford Me 04005

DEFENDANT:   CITY OF BIDDEFORD
Harry Center, Esq.
PO Box 1179
Saco Me 04072

INTERVENOR:   BIDDEFORD POOL IMPROVEMENT ASSOC.
Wayne Adams, Esq.
PO Box 3030
Kennebunk Me 04043

INTERVENORS:
MCGOVERNS AND FERGUSONS
Bruce Read, Esq.
HODSDON READ AND SHEPARD
56 Portland Rd
Kennebunk Me 04043