**TIME ENOUGH, INC.**

v.

**TOWN OF STANDISH, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 16, 1995.

Decided Jan. 24, 1996.

Robert Kimball, Smith & Kimball, Harrison, Barbara L. Krause, Drummond, Woodsum & MacMahon, Portland, for Plaintiff.

David L. Brandt, Windham, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

The Town of Standish, Brian Halle, and Susanne Halle appeal from a judgment entered in the Superior Court (Cumberland County, *Brodrick, J.*) sustaining Time Enough, Inc.'s appeal and vacating the decision of the Town of Standish Zoning Board of Appeals to grant the Halles a variance to place a mobile home on their property. Because Time Enough failed to provide full documentation of all that the Board relied on in granting the variance, the court's decision was not based on a complete record. Accordingly, we vacate the judgment and remand to the Superior Court with instructions that Time Enough provide a complete and adequate record.

The Halles acquired the property in March 1984. The parcel, located in a rural district in Standish, is ninety to ninety-four feet wide and sixty feet long. Standish rural districts are zoned for single family dwellings, home occupations, accessory uses and buildings, agriculture, animal husbandry, forestry, and manufactured housing units. The zoning ordinance requires rural lots to have a minimum of fifty feet on each side, fifty feet of frontage, and fifty feet in the rear.

In April of 1993, based on the application submitted by them, the Board granted the Halles a variance from the set-back requirements for the purpose of allowing the placement of a mobile home on the property.

Pursuant to M.R.Civ.P. 80B, an appeal was taken by two abutting landowners. By agreement of the parties, the appeal was dismissed and the original application for the variance was resubmitted so that the abutters could be fully heard.[1]

The Board held a second hearing on September 27, 1993, on the same application for a variance. At the second hearing, the abutters presented evidence in opposition to the variance. The Halles presented no new evidence. The Board, however, made clear that it was taking into consideration the evidence presented at the prior hearing in April. No party objected to the Board's consideration of the prior proceedings. Following the September hearing, the Board granted the variance to the Halles. In doing so, it made reference to the prior hearing and stated that none of its "original findings of fact in terms of the physical and material issues" had changed.

Time Enough[2] filed an appeal in the Superior Court pursuant to M.R.Civ.P. 80B. The record provided to the court, on which it based its decision, was of the September hearing before the Board and the minutes of the Board meeting. Concluding that the record contained insufficient evidence to support a variance, the court sustained the appeal and vacated the Board's decision to grant the variance. This appeal by the Halles followed.

A municipal board of appeals has the power to grant a variance from local zoning ordinances when their strict application will cause the applicant to suffer "undue hardship." *See* 30–A M.R.S.A. § 4353(4) (Pamph. 1995). As defined in section 4353(4), undue hardship means:

A. The land in question [cannot] yield a reasonable return unless a variance is granted;

B. The need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;

---

1. The dismissal of the appeal and the resubmission of the variance application were related to questions of whether proper notice was given to the abutters.

2. Time Enough is the record owner of the lot on which one of the abutters who appeared before the Board lives.

C. The granting of a variance will not alter the essential character of the locality; and

D. The hardship is not the result of action taken by the applicant or a prior owner.

Standish also has adopted additional limitations on the granting of a variance.[3] An applicant seeking a variance for undue hardship must satisfy "each of the statutory prerequisites."[4] *Forester v. City of Westbrook,* 604 A.2d 31, 32 (Me.1992).

■ On appeal from the trial court's judgment, we examine directly the record developed before the Board to determine if the Board abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record. *Greenberg v. DiBiase,* 637 A.2d 1177, 1178 (Me.1994). Mere inadequacy of a board's findings is not a reason to overturn a decision to grant a variance, *see Cunningham v. Kittery Planning Bd.,* 400 A.2d 1070, 1079 (Me.1979), but the record must contain sufficient evidence to support the board's finding that each requirement has been met. *Greenberg,* 637 A.2d at 1179; *Forester,* 604 A.2d at 33.

■ As the plaintiff before the trial court, Time Enough had the obligation to provide the court with an adequate record for review. *Pearson v. Town of Kennebunk,* 590 A.2d 535, 537 n. 1 (Me.1991); *Sanborn v. Town of Eliot,* 425 A.2d 629, 630–31 (Me.1981); M.R.Civ.P. 80B(e); *see* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 80B.4a at 574 (2d ed. Supp.1981). The record submitted by Time Enough was of the second hearing before the Board, including the minutes of the meeting and a transcript. That record, however, does *not* contain a transcript or minutes of the first hearing. Although the court correctly determined that the record of the second hearing in and of itself does not contain sufficient evidence to support the Board's finding of undue hardship, *Forester,* 604 A.2d at 33, it is clear that at the second hearing, the Board, without objection by Time Enough, relied on evidence previously presented at the first hearing.

At the trial, Time Enough's contention was that the Board's findings and conclusions are unsupported by the evidence. Accordingly, it had the obligation to furnish a complete record of all the evidence on which the Board relied, including the record of the first hearing in April. M.R.Civ.P. 80B(e); *see* M.R.Civ.P. 74(b)(2) (if appellant before this Court urges on appeal that a finding or conclusion is unsupported by or is contrary to the evidence, appellant must include in the record a transcript of all evidence relevant to such finding or conclusion). Because the record of the first hearing was not presented to it, the court's decision was not made on an adequate record.

In the absence of a record of the first hearing, the court could have dismissed the action. *See Kirkpatrick v. City of Bangor,* 517 A.2d 320, 321 (Me.1986). Because of the unusual circumstances attendant to this case, however, including a lack of notice to the abutters of the first hearing, we remand to the Superior Court to allow Time Enough the opportunity to supplement the record with a record of the first hearing.[5]

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** The Town's zoning ordinance requires
  (c) That the relief sought would not adversely affect property adjoining or nearby in the same neighborhood for the same zoning district and would not endanger the public health, safety or convenience and would not impair the integrity of the Standish Zoning Ordinance.
Standish, Me., Code § 181–64(C)(2)(c). Section 191–64(C) contains other requirements that essentially duplicate those enunciated in section 4353.

**4.** The Halles' application recited that they met the undue hardship criteria.

**5.** The Superior Court also relied on language in *Sibley v. Town of Wells,* 462 A.2d 27 (Me.1983), to conclude that any hardship claimed by the Halles is self-created and thus insufficient on which to base a variance. *See,* however, our more recent decision in *Twigg v. Town of Kennebunk,* 662 A.2d 914, 916–18 (Me.1995).