1998 ME 54

**Arthur L. BAILEY, Jr.,**

v.

**CITY OF SOUTH PORTLAND and John L. Murphy.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 24, 1997.

Decided March 13, 1998.

Michael H. Hill, Monaghan, Leahy, Hochadel & Libby, Portland, for plaintiff.

Mary K. Kahl, Corporation Counsel, South Portland, for defendant.

Thomas F. Jewell, Jewell & Boutin, Portland, for Murphy.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, and DANA, JJ.

DANA, Justice.

[¶ 1] Arthur L. Bailey appeals from the judgment entered in the Superior Court (Cumberland County, *Calkins, J.*) affirming the South Portland Zoning Board of Appeals' grant of a variance sought by John L. Murphy. The issue before us is whether Murphy's property should be considered one lot or three lots, two of which cannot yield a reasonable return without a variance. We conclude that Murphy owns three lots and that the Board's decision to grant Murphy a variance based on undue hardship is supported by substantial evidence in the record. We thus affirm the judgment.

[¶ 2] In 1985, Murphy purchased from Alice and Thomas Carmody three "lots of record" in the Willard Beach area of South Portland described in a single deed by its metes and bounds.[1] A single family residence is situated on one of the lots, identified on South Portland's tax map 2 as lot 1 (hereinafter the "house lot"). The remainder of the property (identified on South Portland's tax map 1 as lots 233 and 237A) (hereinafter lots A and B) is otherwise unimproved.

[¶ 3] South Portland's zoning regulations for this area require a minimum lot size of 12,500 square feet and at least 75 feet of road frontage. The house lot meets the road frontage requirement but is only 8,976 square feet in size.[2] Lots A and B have a combined size of about 14,000 square feet but only 26 feet of road frontage. The current

---

1. The land purchased by Murphy is identified on South Portland's tax maps as Map 2, Lot 1, and Map 1, Lots 233 and 237A. The Carmodys had acquired this land, along with additional contiguous land, in three deeds from three grantors in 1965. In 1978, the Carmodys sold the additional land (identified on South Portland's tax map 1 as lot 237) and retained the three lots at issue.

2. The house on Lot 1 existed prior to the first enactment of the South Portland Zoning Ordinance and prior to the first conveyance of Lot 1 in May of 1936.

zoning requirements existed at the time Murphy acquired these lots.

[¶ 4] The Zoning Board of Appeals for the City of South Portland granted a variance to Murphy from South Portland's street frontage requirement enabling him to construct a single-family dwelling on lots A and B. Bailey, an abutting neighbor, appealed the Board's decision to the Superior Court pursuant to M.R. Civ. P. 80B. The Superior Court affirmed the Board's decision, concluding that substantial evidence existed in the record to support the Board's determination that Murphy's property should be considered three lots, that the "land in question" for the purpose of considering the variance was lots A and B, and that Murphy had established undue hardship.

[¶ 5] We review the record before the Board for abuse of discretion, errors of law, or findings unsupported by substantial evidence. *Twigg v. Town of Kennebunk,* 662 A.2d 914, 916 (Me.1995). In order to grant the variance, the Board had to find that compliance with the zoning ordinance would have created undue hardship for Murphy. *See* 30–A M.R.S.A. § 4353(4) (Supp.1997). Undue hardship involves four criteria: (1) the land in question cannot yield a reasonable return without a variance; (2) the need for a variance is attributable to the unique character of the property and not to general environmental conditions; (3) the grant of a variance will not alter the essential character of the area; and (4) the hardship is not the result of action taken by the applicant or a prior owner. *Id.*

[¶ 6] We have repeatedly recognized that "reasonable return," as contemplated by section 4353(4)(A), is not maximum return. *See Leadbetter v. Ferris,* 485 A.2d 225, 227 (Me.1984); *Barnard v. Zoning Bd. of Appeals,* 313 A.2d 741, 749 (Me.1974). The standard for measuring reasonable return is whether "strict compliance with the terms of the ordinance would result in the practical loss of substantial beneficial use of the land." *Leadbetter,* 485 A.2d at 228.

[¶ 7] Section 27–7(f) of the South Portland Zoning Ordinance provides that

Abutting lots in the same ownership *and of continuous frontage* shall, after January 1, 1978, merge and be considered as one (1) lot for purposes of determining compliance with space and bulk regulations for the district in which the lots are located....

(emphasis added). The house lot fronts on Willard Street. Lot A abuts the house lot and fronts on Willard Haven Road. Lot B abuts both the house lot and lot A but is landlocked. The South Portland Board of Zoning Appeals correctly concluded that because the lots did not share continuous road frontage, they did not merge.

[¶ 8] Bailey endeavors to avoid the force of section 27–7(f) by asserting that Murphy has only one lot because his 1985 deed gave a perimeter description for the three lots. Bailey overlooks, however, that the deed specifically describes the "land hereby conveyed" as "three contiguous parcels of land." Bailey cites us to no authority, and we have found none, for the proposition that the use of the scriveners device of describing multiple contiguous lots by their external perimeter destroys the independent standing of the constituent parts.

[¶ 9] Bailey next argues that the court's decision is somehow inconsistent with our holding in *Barnard,* 313 A.2d at 747. Barnard, like Murphy, was trying to build a second dwelling on her Yarmouth property. Unlike the South Portland Ordinance, the Yarmouth Zoning Ordinance prohibited construction on *any* adjoining nonconforming lot under the same ownership. *Id.* n. 7. Barnard owned a 40,000 square foot parcel of land that at one time had been two separate lots. The properties merged because of the requirement in the Yarmouth Zoning Ordinance that adjoining nonconforming lots under the same ownership merge to meet the 30,000 square foot lot size requirement. Because the South Portland Zoning Ordinance requires "continuous (road) frontage" for merger, *Barnard* is inapplicable.

[¶ 10] Next Bailey argues that Murphy's three lots are not "lots of record." First, it should be noted that the operative section of the ordinance, set out above, speaks only of "[a]butting lots" not "abutting lots of record." However, even if the ordinance requires that

the lots be "lots of record," lots A and B qualify. The term "lots of record" is employed in the ordinance to refer to lots described in the Cumberland County Registry of Deeds. Both lots are described in the Registry.[3] The South Portland Zoning Board of Appeals described the two vacant lots as both "unique" and "a combination of 2 lots of record."

[¶ 11] Finally, there was substantial evidence supporting the Board's findings that lots A and B cannot yield a reasonable return and have no value without the variance, that the need for the variance was due to the unique circumstances of the property and not the general conditions of the neighborhood, that the variance will not alter the essential character of the neighborhood and the proposed home will be in character with the surrounding properties, and that the hardship to Murphy was not the result of action taken by Murphy or his predecessor.

The entry is:

Judgment affirmed.

---

3. Murphy's predecessor, Carmody, acquired the property here involved in three conveyances in 1965, from Cuccio, Realty Operating, Co. and Victory Developing Corporation. In 1978, Carmody conveyed a lot that consisted of a part of what had been acquired from Realty Operating Co. and Victory Developing Corporation. The balance of what had been acquired from the two corporations became lots A and B, respectively.