2001 ME 84

**Robert LOGAN**

v.

**CITY OF BIDDEFORD.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 2, 2001.

Decided: May 21, 2001.

Ralph W. Austin, Esq., Woodman Edmands Danylik & Austin, P.A., Biddeford, for plaintiff.

Harry B. Center II, Esq., Smith Elliot Smith & Garmey, P.A., Saco, (for City of Biddeford), Bruce M. Read, Esq., Shepard & Read, Kennebunk, (for intervenors McGovern and Ferguson), Wayne T. Adams, Esq., Kennebunk, (for Biddeford Pool Improvement Ass'n), for defendants.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Robert Logan appeals from the judgment of the Superior Court (York County, *Fritzsche, J.*) affirming the decision of the Biddeford Board of Zoning Appeals which, in turn, affirmed the decision of the Biddeford Planning Board which denied Logan's application to build a home on shoreland property. The basis for the denial was the Planning Board's determination that Logan's deed merged four contiguous lots into one parcel and the four lots no longer exist as nonconforming lots of record. We vacate the decision of the Superior Court.

I. FACTS AND BACKGROUND

[¶ 2] The record in this matter is sparse. Neither the Planning Board nor the Zoning Board of Appeals made factual findings.

[¶ 3] In 1998, Logan purchased shorefront real estate. Logan's deed describes two parcels, but only one parcel is at issue in this case. The deed describes the pertinent parcel as "[a] certain lot or parcel of land ... situated on the northwesterly side of Mile Stretch Road," and gives a perimeter description of the property. Logan alleges that the description encompasses the same property shown on a city tax map as lots 29, 30, 31, and 32. There is a house on lot 32 and a garage on lot 31. It is undisputed that none of the individual lots contain sufficient size and frontage to meet the present requirements of the zoning ordinance.

[¶ 4] Logan filed an application with the Planning Board for a shoreland zoning permit to construct a single-family home on lots 29 and 30. Logan submitted vari-

ous documents to the Planning Board including tax bills which show that the City taxed him separately for lots 29, 30, 31, and 32. He also submitted copies of three deeds of his predecessor in title, Mildred Eastwood. Each deed describes a separate parcel of land owned by Eastwood. The three deeds are dated 1953, and they do not reference the tax map lot numbers.

[¶ 5] Following a hearing, the Planning Board denied Logan's application stating that "lots 29, 30, 31, and 32 have merged and that the non-conforming lots of record no longer exist." Logan appealed to the Zoning Board of Appeals, and after a hearing, the Zoning Board of Appeals denied the appeal, affirming the Planning Board "based on the merger language ...." The Zoning Board of Appeals did not hold a de novo hearing and acted only as an appellate body reviewing the decision of the Planning Board.

[¶ 6] Logan then appealed to the Superior Court pursuant to M.R. Civ. P. 80B. The Superior Court allowed owners of abutting property to intervene. Logan argued that the language of his deed did not merge his lots and that the municipal boards should have considered whether the zoning ordinance merged his lots and whether the exception to merger in the ordinance was applicable. The City and the intervenors argued that the deed description merged the four lots. The court affirmed the decision of the Zoning Board of Appeals, ruling that, "the deed itself has

merged the formerly separate lots," and "[w]hether the Shoreland Zoning Ordinance would merge any of the lots need not be decided as the deed has produced the merger."

[¶ 7] Because the Superior Court acted as an appellate court, we do not review its decision, but "we examine directly the operative decision of the municipality." *Stewart v. Town of Sedgwick,* 2000 ME 157, ¶ 4, 757 A.2d 773, 775. In this case the operative decision is that of the Zoning Board of Appeals.[1] The only issue presented is an issue of law which we review de novo.

## II. EXTINGUISHING NONCONFORMING LOTS OF RECORD BY DEED DESCRIPTION

[¶ 8] The Zoning Board of Appeals construed Logan's deed as merging four lots into a single lot. In *Bailey v. City of S. Portland,* 1998 ME 54, ¶ 8, 707 A.2d 391, 393, we stated that we had found no authority for the proposition "that the use of the scriveners device of describing multiple contiguous lots by their external perimeter destroys the independent standing of the constituent parts." The City and intervenors argue that the facts in *Bailey* distinguish it from this case. We agree that the deed description in *Bailey* was slightly different from the description in the Logan deed. In *Bailey,* the deed

---

1. In *Stewart v. Town of Sedgwick,* 2000 ME 157, ¶ 7, 757 A.2d 773, 776, we concluded that 30-A M.R.S.A. § 2691(3)(D) (1996) requires a Zoning Board of Appeals, in an appeal from a Planning Board, to hold a de novo hearing and render a decision and findings on the basis of that hearing unless the municipal ordinance provides that the Zoning Board of Appeals acts in an appellate capacity. The Biddeford Shoreland Zoning Ordinance does not expressly provide that the

Zoning Board of Appeals hears appeals in an appellate capacity. Therefore, the Zoning Board of Appeals should have heard the appeal de novo. Logan has not requested that the decision be vacated on the ground that the Zoning Board of Appeals erroneously acted in an appellate capacity. Because the Zoning Board of Appeals should have heard the appeal de novo, its decision is the operative decision.

referred to "three contiguous parcels" in addition to giving the external perimeter description, *id.*, but in Logan's deed there is no mention of the number of lots or parcels. Nonetheless, we adhere to the language in *Bailey* that a scrivener's device of describing lots by using an outside perimeter does not destroy the separate character of the lots that existed at the time of the conveyance.

[¶ 9] Neither of the cases cited by the City and the intervenors supports the proposition that an external perimeter description in a deed, in and of itself, causes separate lots contained within that description to lose their status as separate lots. In *Farley v. Town of Lyman,* 557 A.2d 197, 198 (Me.1989), the plaintiff was denied a building permit on the ground that her lot lost its status as a nonconforming lot of record when she conveyed it to her sister who owned an abutting nonconforming lot. The sister later reconveyed the lot back to the plaintiff. *Id.* We construed the zoning ordinance and held that, pursuant to it, the plaintiff's lot lost its status as a separate grandfathered parcel. *Id.* at 200–01. Thus, *Farley* is support for Logan's position that the zoning ordinance must be applied to the facts of the case to determine if the ordinance requires merger of the lots.[2] *Farley* does not stand for the proposition that the deed, in and of itself, creates a merger without reference to the zoning ordinance.[3]

[¶ 10] From Logan's deed itself we can draw no conclusions as to whether any formerly separate lots maintain their character as separate lots. The question of whether Logan can build another house on his property cannot be answered by looking only at his deed. The answer must come from the history of the parcels and the zoning ordinance. Because factual findings are necessary to answer this question and because the record is devoid of sufficient uncontested facts to allow us to answer the question, we remand the case to the Superior Court to be remanded, in turn, to the Zoning Board of Appeals.

2. Although the ordinance in *Farley* is similar to the Biddeford ordinance, the latter contains an exception. In *Farley* the ordinance, as we construed it, provided that a nonconforming lot of record, in order to be built upon, could not be contiguous to any lot owned by the same owner, and that once two contiguous nonconforming lots came into single ownership, they were no longer separately buildable. *Farley,* 557 A.2d at 200–01. The Biddeford ordinance provides that two contiguous nonconforming lots in single ownership, which are vacant or partially built, "shall be combined to the extent necessary to meet the dimensional requirements," except this provision is not applicable when the lots can be reconfigured to meet a requirement of 100 feet of shore frontage and 20,000 square feet of lot area and can accommodate a subsurface sewage disposal system that conforms to state rules. This case differs from *Farley* in that here the Zoning Board of Appeals has not yet ruled on whether the zoning ordinance causes these lots to be merged and, if so, whether the lots meet the requirements of the exception to the merger ordinance.

3. The intervenors also cite to *Barnard v. Zoning Bd. of Appeals of Yarmouth,* 313 A.2d 741 (Me.1974). In that case we noted that the lot at issue had been divided into two lots but "became one upon conveyance to appellant's mother in 1934." *Id.* at 743. We said, "[d]espite appellant's efforts to depict her property as *two* lots, rather than one, (based upon the divided ownership of the land in earlier years), we agree ... appellant is the owner of a single, large lot, upon which she wishes to build a second dwelling." *Id.* at 747. The opinion contains no further description of the 1934 conveyance. In *Bailey,* we said the properties in *Barnard* merged because the Yarmouth Zoning Ordinance required nonconforming lots under the same ownership to meet the lot size requirement. *Bailey,* 1998 ME 54, ¶ 9, 707 A.2d at 393. Thus, *Barnard* is also support for Logan's position that the zoning ordinance must be applied to determine if the lots have been merged.

 

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to remand to the Zoning Board of Appeals for further proceedings consistent with this opinion.