STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 MAR -3  A 9: 36

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-49
TEH -CUM - 5/3/2004

FRANK BLANCHARD JR., Personal
Representative of The Estate of Frank
Blanchard Sr.,

                    Plaintiff

        v.

INHABITANTS OF THE
TOWN OF FALMOUTH,
PHILOMENA RUSSO,
TOWER SPECIALISTS, INC.,
PAUL STROUT and
JACQUELINE C. SULLIVAN

                    Defendants.
        and

PHILOMENA RUSSO,

        Third Party Plaintiff
    v.

ROBERT M. MALIA and JULIE A. MALIA,

        Third Party Defendants.

DONALD L. GARBRECHT
LAW LIBRARY

MAY 12 2004

DECISION AND ORDER ON
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
AND RULE 80B APPEAL

        This matter is before the court on the 80B appeal of the plaintiff

Estate of Frank Blanchard, Sr. from the decision of the Falmouth

Planning Board ("Board"), as set forth in Counts I and II of his amended

complaint, and on the plaintiff's motion for partial summary judgment on

those same counts.

        The court dismisses the plaintiff's 80B appeal in Counts I and II for

failure to file the record of the subject proceedings before the Board, or

an acceptable substitute for the record, as required by M. R. Civ. P.

A

80B(e). *See* M. R. Civ. P. 80B(h); *Time Enough, Inc. v. Town of Standish,* 670 A.2d 918, 920 (1996) (holding that in the absence of a record the Superior Court may dismiss action); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 80B.4a at 574 (2d ed. Supp. 1981) (stating that failure of the plaintiff to get the record before the court "will result in dismissal of his 80B action for want of prosecution").[1] The court concludes that such a filing is necessary under the Rules even where the defendants have filed answers admitting critical allegations in the amended complaint.

In view of the foregoing dismissal, the plaintiff's motion for partial summary judgment as to Counts I and II is moot and must be denied. Even if that motion is still viable, it must be denied because the plaintiff has not filed a statement of material facts as required by M. R. Civ. P. 56(h)(1), nor has it offered any affidavits, pleadings, depositions, admissions, or answers to interrogatories showing that there is no genuine issue as to any material fact as required by M. R. Civ. P. 56(c). These procedural defects are fatal to the plaintiff's summary judgment motion, and are not cured by the defendants' admissions in their answers to the amended complaint. *See Levine v. R.B.K. Caly Corp.,* 2001 ME 77, ¶ 9, 770 A.2d 653, 656 (holding that a party's failure to file a proper statement of material facts is fatal to it motion for summary judgment); *Dumont v. Fleet Bank of Maine,* 2000 ME 197, ¶ 13, 760 A.2d

---

[1] The plaintiff did not request an enlargement of time to file the record or stipulations as to the record. The court may extend Rule 80B time limits for good cause pursuant to a motion for a time extension made prior to the filing deadline. M.R. Civ. P. 80B(g). Such motions made *after* the deadlines are governed instead by Rule 6(b)(2), which provides for enlargement of time periods upon a showing of excusable neglect. *Haskell v. Phinney,* 460 A.2d 1354, 1359-60 (Me. 1983).

1049, 1053-54 (holding courts are neither required to independently search a record to find support for facts offered by a party).

## DECISION

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Decision and Order on the Civil Docket by a notation incorporating it by reference and the entry is

Plaintiff's appeal from the decision of the Falmouth Planning Board is DISMISSED; and

Plaintiff's Motion For Partial Summary Judgment on Counts I and II of Plaintiff's Complaint is moot and, therefore, DENIED.

Dated: March 3, 2004

_____
Justice, Superior Court

Date Filed ___9-5-02___ __CUMBERLAND__ Docket No. __AP02-49__
County

Action _____80B APPEAL_____

FRANK BLANCHARD, PERS. REP. OF THE
ESTATE OF FRANK BLANCHARD

INH. OF THE TOWN OF FALMOUTH
PHILOMENA RUSSO

ROBERT MALIA AND JULIE MALIA (3RD Party
TOWER SPECIALISTS INC.
PAUL STROUT
vs.  JACQUELINE C. SULLIVAN

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| James Mitchell, Esq. | BONNIE MARTINOLICH, Esq (Ruso) |
| 86 Winthrop Street | PO BOX 9546 |
| Augusta ME 04330 | PORTLAND, ME 04112 |
| ---------------------------- | |
| Def.'s Attorney ~~~ (P. O J. ~~~) | WILLIAM PLOUFFE, ESQ (Falmouth) |
| Sally Daggett, Esq. (R. & J. Malia) | PO BOX 9781 |
| P.O. Box 4510     (3rd Party) | PORTLAND, ME 04104 |
| Portland, ME 04112-4510 | |

| Date of Entry | Jennifer Archer Esq. (Tower Sp/ PO Box 597     Strout) Portland ME 04112 | ROY PIERCE, ESQ 791-3000 PO BOX 9546     PETER RODWAY, ESQ. Portland, ME 04112  P.O. BOX 874 (Sulliva PORTLAND, MAINE 04104 77-8449 |
|---|---|---|
| 2002 Sept. 6 | Received 9-5-02. Complaint Rule 80B and Rule 80A Quite Title with Exhibits 1-4 filed. | |
| " " | Summary sheet filed. | |
| " " | On 9-6-02. Briefing schedule mailed.  Plaintiff's brief due 10-16-02. | |
| Sept 25 | Received 9-25-02: Acceptance of Service of Summons and Complaint by William Plouffe, Esq, on behalf of the Town of Falmouth, filed. | |
| " " | Acceptance of Service of Summons and Complaint by Bonnie Martinolich, Esq., on behalf of Philomena Russo, filed. | |
| Oct. 1 | Received 10-01-02. Defendant, Town of Falmouth's, Answer filed. | |
| Oct 9 | Received 10-9-02: Summary Sheet filed. Answer, Affirmative Defenses, and Counterclaim of Defendant Philomena T. Russo, with Exhibit A thru E filed. | |
| " " | Defendant Third Party Plaintiff, Philomena T Russo, Complaint and Request for Declaratory Relief, with Exhibits A thru E filed. Summary Sheet filed. | |
| Oct. 17 | Received 10-15-02: Plaintiff's motion for Extension of Time to File a Brief filed. | |
| Oct. 23 | Received 10-23-02. Plaintiff's Frank Blanchard's Answer to Philomena Russo's Counterclaim filed. | |
| Oct 23 | On 10-23-02: As to Plaintiff's Motion for Extension of Time to File a Brief: For good cause shown and without opposition, plaintiff is granted until December 6, 2002 in which to file his 80B brief and a response to the pending counter-claim. | |

continued to next page ........

FRANK BLANCHARD, personal representative of the Estate of Frank Blanchard, late of Falmouth, Cumberland vs. The Town of Falmouth, et al

Docket No. __AP-02-49__

| Date of Entry | |
|---|---|
| 2002<br>Oct 23 | continued from previous page................<br><br>On 10-23-02 copies mailed to Roy Pierce, William Plouffe, Bonnie Martino-lich, and James Mitchell, Esqs. |
| Nov. 1 | Received 11-1-02.<br>Summons filed showing officer's return of service on 10-29-02 upon 3rd Party Defendant Julia Malia to Robert Malia, husband. |
| " " | Summons filed showing officer's return of service on 10-29-02 upon 3rd Party Defendant Robert Malia. |
| Nov. 15 | Received 11-15-02:<br>Third-Party Defendant Robert M. Malia's Motion for An Enlargement of time to File Answer filed. |
| Nov. 18 | Received 11-18-02:<br>Plaintiff's Second Motion for Extension of Time to File A Brief (With Incorporated Memorandum) file.d |
| Nov. 18 | Received 11-18-02: Third-Party Defendant Julie A. Malia's Motion for Enlargement of Time to File Answer filed. |
| Nov. 18 | On 11-18-02:<br>As to Plaintiff's Second Motion for Extension of Time To File A Brief: For good cause shown and without opposition, Plaintiff is granted until 12/27/02 by which to file his 80B brief and response to the pending counterclaim.<br>On 11-18-02 Copies mailed to Roy Pierce, William Plouffe, Bonnie Martino-lich and James Mitchell, Esqs. |
| Nov. 21 | Received 11-19-02:<br>Order on Third-Party Defendant Robert M. Malia's Motion for An Enlarge-ment of Time to File Answer filed. (Humphrey, J.).<br>The Court hereby GRANTS the motion. Third-Party Defendant's Answer to the Third-Party Complaint shall be filed no later than November 25, 2002.<br>On 11-22-02 Copies mailed to Roy Pierce, William Plouffe, Bonnie Martino-lich and James Mitchell, Esqs. |
| Nov. 21 | Received 11-21-02:<br>Order on Third-Party Defendant Julie A. Malia's Motion for an Enlarge-ment of Time to File Answer filed. (Humphrey, J.).<br>The Court hereby GRANTS the motion. Third-Party Defendant's Answer to the Third-Party Complaint shall be filed no later than November 25, 2002.<br>On 11-22-02 Copies mailed to Bonnie Martinolich, William Plouffe, Roy Pierce, Esqs. |
| Nov. 26 | Received 11-25-02.<br>Third-Party Defendants Robert M. Malia and Julie A. Malia's Answer and Rule 14(a) Claims with attached exhibits 1-7a filed. |
| " " | Summary Sheet filed. |
| Dec. 13 | Received 12-13-02.<br>Plaintiff Frank Blanchard, Jr.'s Answer to Rule 14(a) Claims of Third-Party Defendants Robert M. Malia and Julie A. Malis in Plaintiff's Capacity as Personal Representative filed. |
| Dec. 17 | Received 12-13-02:<br>Third-Party Plaintiff and Third-Party Defendants Motion for Enlargement of Time filed. |

| Date of Entry | |
|---|---|
| | Docket No. _____ AP-02-49 |
| 2002<br>Dec. 17 | On 12-17-02:<br>As to Third-Party Plaintiffs, Philomema T. Russo and Ronald P. Russo, Sr. Motion for Enlargement of time: It is hereby ORDERED that Philomena T. Russo and Ronald P. Russo, Sr's Motion for Enlargement of Time is GRANTED. The Russos shall file their response to the Malia's Rule 14(a) Claims on or before December 23, 2002. (Humphrey, J.).<br>On 12-17-02 Copies mailed to James Mitchell, Sally Daggett, Bonnie Martinolich, William Plouffe, Roy Pierce, Esqs. |
| Dec. 23 | Received 12-23-02.<br>Third party plaintiffs, Philomena T. and Ronald P. Russo Sr's, Response to Rule 14(a) Claims of Robert M. and Julie A. Malia filed. |
| Dec. 27 | Received 12-27-02:<br>Plaintiff's Third Motion for Extension of Time to file a brief with incorporated Memorandum filed. |
| Dec. 30 | On 12-30-02 returned Plaintiff's Third Motion for Extension of Time to file brief with incorporated Memorandum, (No signature on pleading). |
| Dec. 30 | Received 12-27-02:<br>Letter from Roy Pierce, Esq. advising that Defendant, Philomema Russo has no objection to Plaintiff's Third Motion for Extension of Time to File a a Brief filed. |
| 2003<br>Jan. 3 | Received 12-31-02:<br>Plaintiff's Third Motion for Extension of Time to File a Brief with Incorporated Memorandum filed. |
| Jan 7 | Received 1-7-03:<br>Letter from Third Party Defendants stating no opposition to Plaintiffs Third Motion for Extension of Time, filed. |
| Jan. 10 | On 01-06-03:<br>As to Plaintiff's Third Motion for Extension of Time to File A brief:<br>For good cause shown, plaintiff is granted until January 31, 2003 in which to file his 80B brief. (Humphrey, J.).<br>On 01-10-03 Copies mailed to James Mitchell, Sally Daggett, Bonnie Martinolich, William Plouffe, and Roy Pierce, Esqs. |
| Jan. 31 | Received 01-31-03:<br>Plaintiff's Fourth Motion for Extension of Time to File a Brief filed. |
| Feb. 3 | On 01-31-03:<br>As to Plaintiff's Fourth Motion for Extension of Time to File a Brief:<br>For good cause shown, plaintiff is granted until March 28, 2003 in which to file his 80B brief. (Humphrey, J.).<br>On 02-03-03 Copies mailed to James Mitchell, Sally Daggett, Bonnie Martinolich, William Plouffe and Roy Pierce, Esqs. |
| Feb. 3 | Received 01-30-03:<br>Acceptance of Service on behalf of Frank B. Blanchard, Jr. on January 2 2003 to James Mitchell, Esq. |
| Feb. 10 | Received 02-10-03:<br>Original return of service served on Defendant, Donna E. Legary on 02-04-03 to Michael Legary, Husband. |

# FRANK BLANCHARD, JR. vs. THE TOWN OF FALMOUTH, ET AL

Docket No. AP-02-49

| Date of Entry | |
|---|---|
| 2003 Feb. 19 | Received 02-18-03: Plaintiff, Frank Blanchard Jr., Personal Representative of The Estate of Frank Blanchard Sr., Late of Falmouth, Cumberland Motion to Amend Answer as Personal Representative with Incorporated Memorandum filed. |
| " " | Plaintiff, Frank Blanchard, Jr's Answer to Rule 14(a) Claims of Third-Party Defendants, Robert M. Malia and Julia A. Malia in his individual Capacity, and Also Donna Legary's Answer filed. |
| Mar. 27 | Received 03-27-03: Plaintiff's Unopposed Fifth Motion for Extension of Time to File a Brief (With Inc. Memorandum) filed. |
| Apr. 9 | On 04-08-03: As to Plaintiff's Unopposed Fifth Motion for Extension of Time to File a Brief: For good Cause shown, plaintiff is granted until June 28, 2003 in which to file his 80B brief. (Humphrey, J.). On 04-09-03 copies mailed to James Mitchell, Sally Daggett, Bonnie Martinolich, William Plouffe and Roy Pierce, Esqs. |
| Apr. 8 | On 04-08-03: As to Frank Blanchard, Jr's Motion to Amend Answer as Personal Representative with incorporated Memorandum: For good Cause shown, upon motion of Frank B. Blanchard, Jr. and after hearing or opportunity therefor, the answer of Frank B. Blanchard, Jr. as personal representative of the estate of Frank B. Blanchard is amended so that is now DENIES the allegations in paragraph 45 of the Rule 14(a) pleading by Robert and Julia Malia. (Humphrey, J.). On 04-09-03 copies mailed to James Mitchell, Sally Daggett, Bonnie Martinolich, William Plouffe and Roy Pierce, Esqs. |
| Jul. 1 | Received 06-30-03: Plaintiff's Sixth Motion for Extension of Time to File A Brief filed. |
| July 30 | On 07-29-03: (Humphrey, J.). Court Findings or Rulings: The entry will be: Atty. James Mitchell, Esq. to prepare Order to following deadlines: (a) 45 days to file a motions to add parties. (b) 45 days to file scheduling Order. (c) 60 days to file Plaintiff's 80B Brief. On 07-30-03 Copies mailed to James Mitchell, Sally Daggett, Bonnie Martinolich, Frank Frame and Roy Pierce, Esqs. |
| Aug. 4 | Received 07-31-03: Order filed. (Humphrey, J.). The Court finds 1. That the parties believe there is a reasonable chance that this matter will settle but that settlement rests upon actions to be taken by one or more potential parties to the litigation who have not been joined as parties; 2. That only a short further extension is reasonable to allow these negotiations to be consummated; and Orders that: 1. The motion to extend the time for plaintiff to file 80B brief is GRANTED and the time to file the brief is set for not later than sixty days from the date of this order; 2. All motions to add additional parties shall be filed on or before the 45th day following the date of this order; 3. A scheduling order shall issue on or after the 46th day following the date of this order or on or after the date on which any timely motion to add an additional party has been granted, whichever comes later. SO ORDERED. continued to next page......... |