STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss. CIVIL ACTION
DOCKET NO. AP-05-058

ORNE BROS., INC. d/b/a
THE ICE HOUSE TAVERN

Plaintiff

v. ORDER ON 80B APPEAL

CITY OF PORTLAND

Defendant

**BEFORE THE COURT**

Before the court is plaintiff Orne Bros., Inc. d/b/a The Ice House Tavern's

("Plaintiff") appeal, pursuant to M.R.Civ.P. 80B, of defendant City of Portland

("City") decision granting Plaintiff's liquor license for the interior portion of its

bar, but not for its outdoor deck area.

**BACKGROUND**

Plaintiff's bar, the Ice House, is located in downtown Portland at 231 York

Street. The immediate area surrounding Plaintiff's bar is a dense residential area

of the City. On August 1, 2005, the City Council voted to renew Plaintiff's liquor

license "for inside service only, with no outside seating or service." Plaintiff

appeals this restriction on renewal.

**DISCUSSION**

The court reviews the City Council's decision for errors of law, abuse of

discretion or findings not supported by substantial evidence in the record. *See*

*Spain v. City of Brewer*, 474 A.2d. 496, 498 (Me. 1984). For the record on appeal,

Plaintiff has submitted copies of (1) the Portland Police Department's ("PPD")

1

liquor license reviews from the past three years including its most recent review covering the period 8/1/04 to 7/16/05; (2) two charts prepared by Plaintiff, (i) summarizing the content of the PPD's liquor license reviews and (ii) estimating the percentage of people in the half-mile radius surrounding the bar who oppose renewal of its liquor license; (3) the City Council's six-page written decision renewing Plaintiff's liquor license but limiting it to inside service; (4) a memo on Criteria and Process for Denying Liquor Licenses, prepared for the City Council by the City's attorney; and (5) an August 26, 2005 affidavit from Michael Orne describing his version of events leading to the partial revocation of the bar's liquor license. It appears that all of the materials (1) – (4) are properly part of the record before this court. However, Plaintiff has not requested a trial of the facts pursuant to M.R.Civ.P. 80B(d). Therefore, Michael Orne's affidavit may not be considered. *See Adelman v. Town of Baldwin*, 2000 ME 91, ¶ 7, 750 A.2d 577, 581.

Plaintiff has not submitted a transcript of the hearing before the City Council, even though Plaintiff's arguments on appeal are that the City Council's decision was made on unlawful procedure at the hearing, affected by bias, and unsupported by substantial evidence on the whole record. Plaintiff has the obligation to submit an adequate record of proceedings before the City Council. *See Oeste v. Town of Camden*, 670 A.2d 918, 920 (Me. 1996). While Plaintiff's failure to provide a transcript of the hearing is reason in itself to dismiss the appeal, it does not compel dismissal. *See Oeste*, 670 A.2d at 920. In this case, the failure to provide a transcript of the hearings limits the information upon which the court may review Plaintiff's 80B complaint. However, Plaintiff's good-faith attempt to provide parts of the record and a brief addressing the merits of its appeal support proceeding. *See Kirkpatrick v. City of Bangor*, 517 A.2d 320, 321

(Me. 1986) (80B appeal dismissed because Plaintiff failed to submit both the record as well as a brief on the merits.)

Based on the limited record before the court, Plaintiff's allegations of unlawful procedure at the hearing, and a decision affected by bias, and unsupported by substantial evidence on the whole record, are unsupported. Plaintiff complains that it was not given a full opportunity to make its case and rebut comments made at the hearing or present closing arguments. The written decision, however, indicates that counsel for the Plaintiff made a presentation at the hearing, introducing the PPD reports and its chart, and describing Plaintiff's efforts to control noise emanating from the bar's outdoor deck. The decision also indicates that Plaintiff's counsel also spoke twice in response to commentary from the City Council and public. The decision nowhere indicates that Plaintiff was denied an opportunity to speak. The City Council's failure to provide Plaintiff the last word is not a denial of Plaintiff's rights. The governing statute, 28-A M.R.S.A. § 653 nowhere specifies a right to closing arguments. Affording an applicant the opportunity to make closing remarks is merely a recommended practice, and not necessitated by due process or by statute.

Plaintiff's allegations of bias are based on the following, (1) Councilor Geraghty's comments as to her own experience with complaints and the noise issues and in the history of these issues before the City Council over the past three years; (2) Mayor Duson's alleged actions in limiting the presentation of Plaintiff's case to two minutes; and (3) Councilor O'Donnell's comments that the Plaintiff has been a perennial problem. There is no evidence in the record that Mayor Duson limited Plaintiff's case as alleged, therefore no weight can be assigned to this allegation. The comments made by Councilors O'Donnell and

3

Geraghty are indications, not of bias, but of competent personal knowledge of factors affecting Plaintiff's liquor license renewal. While no member of the City Council may rely on extrinsic evidence when sitting in their adjudicatory capacity, it is well established that they may rely on competent personal experiences to make an informed judgment about whether or not to grant renewal. *See Adelman*, 2000 ME 91 at ¶ 11; *Pine Tree Telephone and Telegraph Co. v. Town of Gray*, 631 A.2d 55, 57 (Me. 1993) (Board members could rely on their own knowledge of road conditions observed in the vicinity of a proposed development in denying a building permit). These comments were made, not after the close of evidence, but during the course of the public hearing, and thus were open to rebuttal by Plaintiff. The minutes of the hearing in the City Council's decision indicate no thwarted attempt by Plaintiff or its counsel to rebut these comments.

Plaintiff's argument that the decision to limit renewal of its liquor license to the indoor portion of the bar was unsupported by substantial evidence in the record is based on its assertion that the annual PPD reports establish a lessening in frequency of incidents related to the bar. This argument ignores the relevant standard for granting or denying renewal of a liquor license, and the existence of sufficient evidence in the record to deny Plaintiff's liquor license based on this standard.

28-A M.R.S.A. § 653(2)(C) states in part that:

A [liquor] license may be denied on the following grounds: conditions of record... in the vicinity of the licensed premises and... caused by persons patronizing or employed by the licensed premises that unreasonably disturb, interfere with or affect the ability of persons or businesses residing... in the vicinity of the licensed premises to use their property in a reasonable manner.

4

The PPD review listed "three loud party complaints, one mental subject, two person bothering calls, and one intoxicated individual... [one] warning for allowing transportation of alcohol off [the] premise[s]... [and] two general disturbances, one fight, one possible OUI, and one assault in the immediate vicinity" during the review period, from August 1, 2004 to July 16, 2005. The statute does not require that these incidents of record exceed incidents of record in prior years in order for renewal of a liquor license to be legitimately denied. Nevertheless, there would be some concern about arbitrariness or bias if the City Council's decision concerning Plaintiff's liquor license deviated substantially from its decisions in prior years, where evidence of disturbing incidents was substantially the same, or less.

The PPD's investigation of the premises for the review period "revealed some concerns regarding the noise level and disruption to the neighborhood by the bar's patrons." Nevertheless, PPD concluded, "Although these concerns are legitimate, there is not enough documentation to recommend denial of this liquor license." The City Council took this recommendation seriously, as was its general practice, and it renewed the Plaintiff's liquor license. In spite of this, however, and based on testimony from interested parties, the PPD report, and commentary from Council members made during the public hearing, the Council concluded that efforts in prior years to cure the noise impacts of the bar's outdoor deck had not met with success, and that it was finally time to address the problem by revoking the outdoor portion of the license. The Council concluded that this particular establishment is in a heavily residential neighborhood, and that as a consequence, the bar's inability to eliminate the noise created by the outdoor deck after 10 PM unreasonably disturbed the ability

5

of area residents to use their property in a reasonable manner. This meets the statutory criteria for denying Plaintiff's liquor license (in whole or in part) and is supported by substantial evidence in the record.

The entry is:

Plaintiffs' 80B appeal is DENIED.

Dated at Portland, Maine this 13th day of April, 2006.

Robert E. Crowley
Justice, Superior Court

6

Date Filed __AUGUST 26 2005__ __CUMBERLAND__    Docket No. ____AP-05-58____

County

Action ____80B APPEAL____

ORNE BROTHERS INC DBA THE ICE HOUSE TAVERN                THE CITY OF PORTLAND

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GARY M PROLMAN ESQ<br>482 CONGRESS STREET<br>SUITE 300<br>PORTLAND MAINE 04101<br>(207)773-3712 | GARY WOOD ESQ<br>389 CONGRESS ST<br>PORTLAND ME 04101 |