STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-047

JOSEPH ROUSSELLE, Code Enforcement
Officer of the Town of South Berwick, Maine

and

THE TOWN COUNCIL OF THE TOWN OF
SOUTH BERWICK, MAINE, acting as the
Municipal Officers of the Town of South
Berwick, Maine,

Plaintiffs

v.

DONALD L. GARBRECHT
ORDER     LAW LIBRARY

OCT 1 2 2006

GERALD POIRIER and
CAROL POIRIER,

Defendants

This matter comes before the Court on Joseph Rousselle's ("Rousselle") 80B appeal of the Town of South Berwick's grant of a zoning variance to Gerald and Carol Poirier ("The Poiriers"). Rousselle appeals in his capacity as Code Enforcement Officer ("CEO") for the Town, along with members of the Town Council. Following hearing, the case is remanded for further proceedings.

## FACTUAL BACKGROUND

Thirty years ago, Gerald and Carol Poirier acquired thirty-five acres of land near York Woods Road in the Town of South Berwick. The Poiriers have since subdivided that property into several residential lots, which they have given or plan to give to their children. Approximately five homes have been constructed in the area, some by parties other than the Poiriers. In 2005, the Poiriers applied for a building permit and a zoning

variance from the requirements set forth in §140-70.H of the South Berwick Zoning Ordinance to construct two residences on two new sub-lots. One of the Poiriers' sons sought to build a residence on his lot, and their other son also intends to construct a home on his part of the land within ten years. Appendix A of the Ordinance requires that there can be no more than five residences on a private road that is not part of a subdivision. Currently, residents access their property via a gravel right of way, but if the additional homes were approved, the road would have to be upgraded to conform to Town standards.

The Town denied the permit application on May 12, 2005, citing "access standards." But, following a public hearing on June 30, 2005, the Board of Appeals granted the Poiriers' request for a variance so that they could build the homes without road upgrades. The Board subsequently rejected the Municipal Officers' request for reconsideration.

Rousselle and members of the Town Council now appeal the Board's decision, claiming that the Poiriers' evidence was insufficient to justify a variance. Also, Rousselle is concerned about the implications of this decision for the Town's private road safety standards, particularly the ability of emergency vehicles to access homes off this and other substandard private roads. They argue that the property could earn a reasonable return without this variance, and that any hardship resulted from the Poiriers' decision to subdivide the land without upgrading the road.

The Poiriers claim that construction of a paved road is financially impracticable and would create an undue hardship by effectively preventing their sons from building homes. They argue that both of the two alternatives, petitioning for the road to be designated a town road and invoking subdivision review, would entail prohibitively costly road work.

2

## DISCUSSION

1.  Plaintiff's standing.

Rousselle's standing as CEO to challenge his own Board's decision is not in issue because he appeared before the Board at the hearing and can claim that the decision caused him a particularized injury in his capacity as CEO. See *Wells v. Portland Yacht Club*, 2001 ME 20, ¶4, 771 A.2d 371, 373. A municipal officer may appeal a board's decision if "aggrieved by [the] decision." *Crosby v. Town of Belgrade*, 562 A.2d 1228, 1231 (Me. 1989).

2.  Standard of Review.

Review of the Board of Appeals' findings is "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *O'Toole v. City of Portland*, 2004 ME 130, ¶8, 865 A.2d 555, 558. This Court is "limited to determining whether the record contains evidence to justify the Board's determination." *Lewis v. Maine Coast Artists*, 2001 ME 75, ¶14, 770 A.2d 644, 650. The party appealing the zoning board's decision bears the burden of persuasion. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1996).

The issue presented by this appeal is whether enough evidence supported granting a variance on the basis that the Poiriers' property could not earn a reasonable return without the variance and that the hardship was not created by the Poiriers' actions. The plaintiff did not address the unique circumstances and essential character prongs of the zoning statute on appeal.

3.  Is there enough evidence to show that the Poiriers would experience an "undue hardship" without a variance?

When deciding whether to issue a variance due to "undue hardship," a zoning board considers whether: (1) the land would not earn a reasonable return absent a

3

variance, (2) a variance is needed due to unique circumstances and not the general character of the neighborhood, (3) the variance would not change the essential character of the area, and (4) the hardship was not caused by the actions of the proponent or a prior owner. 30-A M.R.S.A. §4353(4)(A)-(D) (2005). A party seeking a variance must prove that he or she can satisfy each of the factors before a variance will be approved. *Goldstein v. City of South Portland*, 1999 ME 66, ¶4, 728 A.2d 164, 165.

By statute, a zoning board is required to provide not only a statement of its findings of fact and conclusions of law, but also "the reasons or basis for the findings and conclusions." 30-A M.R.S.A. §2691(3)(E) (2005). Adequate findings of fact are crucial to the Court's review of a zoning board's action under Rule 80B because "[m]eaningful judicial review of an agency decision is not possible without findings of fact sufficient to apprise the Court of the decision's basis." *Chapel Road Associates, LLC v. Town of Wells*, 2001 ME 178, ¶9, 787 A.2d 137, 140.

a. <u>Does strict application of the ordinance prevent the land from yielding a reasonable return?</u>

One statutory factor is whether refusing to grant a variance would prevent the property owner from earning a reasonable return on his or her land. 30-A M.R.S.A. §4353(4)(A). The Law Court has repeatedly noted that a "reasonable return does not mean [a] maximum return." *Rowe v. City of South Portland*, 1999 ME 81, ¶6, 730 A.2d 673, 675. To prove that earning a reasonable return is impracticable, "the applicant must demonstrate that 'strict compliance with the terms of the ordinance would result in the practical loss of substantial beneficial use of the land.'" *Goldstein*, 1999 ME 66, ¶5, 728 A.2d at 165 (quoting *Bailey v. City of South Portland*, 1998 ME 54, ¶6, 707 A.2d 391, 393).

4

Here, the Poiriers contend that improving the road in addition to building a new home would place too heavy a burden on an average prospective homeowner. They claim that this would result in a practical loss because their sons could not afford to construct residences, which was the Poiriers' reason for buying the large property years ago. They have not previously had to upgrade the road because they gave lots to their children under the family gift exception to the statute in lieu of seeking to subdivision approval. Also, they apparently testified at the hearing that building costs for a road would be at least $150 per foot, but the Board did not specifically adopt this contention in its findings (all that is in the record is a summary of this testimony at p. 13).

Rousselle, however, argues in his brief that the Poiriers are simply seeking to enhance their property's value by building a sixth and seventh residence on what is technically still one large parcel of land. He contends that, like the setback variance in *Goldstein*, a variance is not necessary here because the ordinance does not impose such a burden that the Poiriers could not earn a reasonable return. Indeed, as in *Goldstein*, there is little evidence in the record to indicate how the absence of a variance would prevent the Poiriers' land from earning a reasonable return, as there have already been significant improvements to the property. Rousselle would argue that even if this is an expensive prospect, it does not follow that this amounts to completely preventing a reasonable return, at least based on the draft minutes in the record.

Even taking a deferential review of the Board's findings of fact, the basis for those findings remains unclear in this case. Although summaries of supporters' and opponents' testimony at the hearing were included in the draft minutes, the Board did not explicitly state whether it was adopting much of the testimony as fact. Other than specifications about dimensions and feet of frontage, the only substantive part of the testimony that the Board included in the findings of fact was that, "Based upon

testimony the applicants have spent the past 20 years trying to stay within zoning requirements." (R. 14.) This "finding" about past adherence to requirements is not relevant to determination of the current request for a variance; the Court would have to speculate about which other parts of the testimony, if any, the Board relied on to make its findings and conclusions.

At oral argument, counsel for Rousselle and the Town argued that in variance cases, the trend has been to reach the merits of the ZBA's decision even in the absence of adequate factual findings in the record. He contends that this Court should overturn the variance in this case because the Poiriers' situation does not satisfy the statutory criteria, even if the ZBA's findings are somewhat lacking. Counsel for the Poiriers argued that because the record provided by the Town was inadequate, there is an insufficient basis for overturning the variance on appeal; consequently, it should be upheld. Both counsel seem to contend that the Court need not remand this matter for further fact-finding based on two prior Law Court decisions.

On an 80B appeal, this Court is "limited to determining whether the record contains evidence to justify the Board's determination." *Lewis v. Maine Coast Artists*, 2001 ME 75, ¶14, 770 A.2d 644, 650. Adequate findings of fact are crucial to the Court's review of a zoning board's action under Rule 80B because "[m]eaningful judicial review of an agency decision is not possible without findings of fact sufficient to apprise the Court of the decision's basis." *Chapel Road Associates, LLC v. Town of Wells*, 2001 ME 178, ¶9, 787 A.2d 137, 140.

### 1. Applicability of *Driscoll v. Gheewalla*

Nevertheless, counsel points to a 1982 decision in which the Law Court reached the merits of an appeal without the findings of fact now required per *Chapel Road*. *Driscoll v. Gheewalla*, 441 A.2d 1023 (Me. 1982). In *Driscoll*, the Court ordered a variance

6

reinstated after the Superior Court had overturned it. *Id.* at 1025. Applicants had been granted a variance from the setback requirements so they could build on a larger portion of their lot, and the abutters brought an 80B appeal. *Id.* Although the ZBA did not explicitly make a finding that there could be no reasonable return without the variance, the Law Court stated that the record "implicitly supports such a finding." *Id.* at 1029. The Court did advise boards to clearly state legal conclusions and factual bases for decisions, but the absence of a specific finding did not prevent the Court from reaching the merits. *Id.* at 1030, n. 5.

The cases following *Driscoll* cite it for deferential review of findings, but not all of those cases involved variances, nor can it be said that they constitute a green light for review despite incompleteness of findings at the ZBA level.[1] While it is true that the Law Court has in several cases gone on to evaluate the grant of a variance even where there are unsatisfactory factual findings, this is not necessarily a trend. The Court seems to employ a case-by-case analysis turning on the degree of support for a ZBA finding. When the Court has found some legitimate factual basis, it tends to uphold ZBA decisions because review of fact-finding is deferential. But, when the factual basis is almost completely lacking or conclusory, the Court tends to remand for further factual development.

Indeed, in cases decided more recently than *Driscoll*, a 1982 case, the Court has explicitly discussed the need for zoning boards to improve their factual findings and legal conclusions, and has remanded numerous cases to ZBAs to do just that. The turning point in this area came in *Christian Fellowship & Renewal Ctr. v. Town of Limington*, a case in which the Law Court remanded for further fact-finding regarding a

---

[1] Most cases citing *Driscoll* were decided in the late 1980s and early 1990s, though some more recent cases do rely on it for the standard of review.

7

property tax decision made by commissioners who did not explain their reasoning. 2001 ME 16, ¶19, 769 A.2d 834, 840-841. There, the Court acknowledged that lines of cases shifted between remanding to the administrative agency and "assum[ing] that the agency found all facts necessary to support its decision." *Id.* ¶¶11-12, 769 A.2d at 838.

While the Court was reluctant to craft a strict remand rule, it found that remand was appropriate on the facts of that case because the Court was unable and unwilling to infer a factual basis for the tax authority's conclusion.[2] *Id.* ¶19, 769 A.2d at 840. Also, the Court discussed at length the policy reasons supporting thorough factual development and called for a conservative judicial approach when such factual detail is absent. *Id.* ¶14, 769 A.2d at 838-839. Specifically, the Court indicated that findings are crucial for courts to conduct a proper review; that courts should ensure that local boards satisfy statutory directives to support their decisions with proper findings, and that other jurisdictions tend to remand rather than implying findings[3]. *Id.* ¶¶14-16, 769 A.2d at 838-840. These policy reasons prompted a remand in that case and guided the Court in *Chapel Road* and other, more recent decisions than *Driscoll*. Moreover, even in *Driscoll*, the Court "recognize[d] that an appellate court, in reviewing zoning board action, is not free to make findings of fact independent of those explicitly or implicitly found by the" ZBA, demonstrating the importance of thorough factual development. 441 A.2d at 1026.

---

[2]     The Court pointed out that "[r]ecitation of the parties' positions or reiteration of the evidence presented by the parties do not constitute findings and are not a substitute for findings." *Id.* ¶7, 769 A.2d at 837.

[3]     A recent Maine Bar Journal article addresses this seeming shift in the Court's approach to analyzing ZBA findings and attempts to advise local boards and attorneys regarding how to ensure proper findings and anticipate problems. *See* Bryan Dench & Curtis Webber, *Guidance from the Widewaters Case: How Should Local Boards Meet Their Duty to Issue Findings?*, 18 Me. Bar. J. 136 (2003).

The Board's fact-finding in this case is simply lacking, and remanding this matter would be more consistent with the Court's recent emphasis on the need for improved fact-finding.

2. Applicability of *Time Enough, Inc. v. Town of Standish*

Counsel for the Poiriers points this Court to another case discussing adequacy of the record, in which the Law Court reversed the Superior Court's decision vacating a variance. *Time Enough, Inc. v. Town of Standish*, 670 A.2d 918, 919 (Me. 1996). There, applicants received a variance to put a mobile home on their land. *Id.* The ZBA held two hearings on the matter, but the 80B appellate record only included minutes from the second meeting, despite the Board's reliance on findings of fact from the first meeting. *Id.* Reminding the parties that the appellant must submit a proper record for review, the Court stated that the Superior Court "could have dismissed the action." *Id.* at 920. The primary reasons for remanding with instructions to supplement the record were that abutters protesting the variance did not have notice of the first hearing, and the ZBA made decisive findings of fact at that meeting, on which it later relied. *Id.*

Though the Court noted that "inadequacy of a board's findings" would not justify vacating a variance, it did state that "the record must contain sufficient evidence to support the board's finding that each requirement has been met." *Id.* Again, more recent cases have indicated that inadequate findings *are* often a basis for remand.

By contrast, the Law Court remanded for outright denial of a variance where the record was "devoid of evidence to support" it. *McGhie v. Town of Cutler*, 2002 ME 62, ¶ 7, 793 A.2d 504, 506. In that case, the ZBA mentioned the statutory scheme used to decide whether a variance is appropriate, but those references were conclusory and there was no analysis of whether an undue hardship existed. *Id.* ¶¶6-7, 793 A.2d at 506.

9

Counsel for the Town suggested at argument that this case indicates the Court's willingness to reach the merits even without adequate fact finding. *McGhie* is distinguishable from the instant case, however. There, the Court remanded for a denial because there was absolutely *no* evidence to support granting a variance and no consideration of the four statutory factors for variances. Here, the record does indicate that the Board relied on at least two of the factors to make its decision, but the factual basis for its conclusions remains unclear. The record merely contains the secretary's recordation of minutes, which typically has not been sufficient to allow for "meaningful appellate review."[4] In this case, there is not enough evidence in the record to either uphold or overturn the variance; therefore, remand for additional fact-finding by the ZBA is appropriate.

Dated:     September 29 , 2006

PLAINTIFF:
CHRISTOPHER L. VANIOTIS, ESQ.
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME   04104-5029

G. Arthur Brennan
Justice, Superior Court

DEFENDANT:
THOMAS R KELLY ESQ
ROBINSON KRIGER MCCALLUM
PO BOX 568
PORTLAND ME   04112-0568

---

[4] In a case involving board approval of a subdivision plan, the Law Court stated that "[t]he Board of Appeals secretary's paraphrasing of the reasons given by some . . . Board members for their votes . . . are not findings." *Carroll v. Town of Rockport*, 2003 ME 135, ¶31, 837 A.2d 148, 157.