Robert E. BROWN

v.

TOWN OF WELLS and Selectmen.

Supreme Judicial Court of Maine.

June 4, 1979.

Cole & Daughan by Roland A. Cole, (orally) Wells, for plaintiff.

John E. Harrington, Jr., Wells, for defendant.

Before WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

DELAHANTY, Justice.

Pursuant to 25 M.R.S.A. § 2031, the plaintiff, Robert E. Brown, applied to the Board of Selectmen (Board) in his hometown of Wells for a certificate which would permit him to carry a concealed revolver. Section 2031 provides in part:

No person shall . . . wear under his clothes, or conceal about his person any

firearm . . . ; except that . . . the selectmen of any town may upon written application therefor issue to any legal resident . . . of good moral character, a certificate setting forth that such person has been duly licensed to carry such weapon mentioned in the certificate.

Brown's initial application was rejected out of hand on March 15, 1977; however, the Board subsequently voted to reconsider the application. At the March 29, 1977, Board meeting, Brown appeared with counsel and offered evidence of his good moral character. The rather brief abstract of that meeting indicates that the Board had issued two permits in the recent past to other Town residents. One Board member, Mrs. Colby, regretted that action and expressed a desire that the Board adopt a policy of denying all gun permits irrespective of the applicant's moral character. When the final vote was taken, Brown's application was rejected by a two-to-one vote with two Board members abstaining. Immediately thereafter, Mrs. Colby, who had voted against issuing the permit, stated that she wanted the record to reflect her opposition to the Board's issuance of any gun permits. The other member of the Board voting against Brown's application, Mr. Butler, did not disclose his reasons for doing so.

Following the denial of Brown's application, a motion was made to withdraw the two outstanding certificates. The motion was defeated.

Seeking to overturn the denial of his application, Brown brought suit against the Board in Superior Court, York County, pursuant to M.R.Civ.P. 80B. His complaint, as amended, alleged that at the March 29 meeting "the selectmen acknowledged that the Plaintiff was a resident of the Town of Wells and of good moral character but that as a matter of policy they would not issue a permit to the Plaintiff or anyone else." A stipulation of facts entered into by both parties and submitted to the court stated that *evidence* of Brown's good moral character was presented to the Board. The

stipulation, however, did not indicate that the Board *found* Brown to be a person of good moral character, nor did it shed any light on Mr. Butler's reasons for voting against the application.

The Superior Court declined to order the Board to issue Brown a certificate. From the stipulated facts, the presiding Justice found that Brown "is a person to whom the selectmen may issue a certificate to carry a concealed weapon." The court concluded, however, that Section 2031 allowed the Board to embrace a policy of denying all such applications and that since the Board's action might have been based on this "or some other sound and reasonable policy," the denial of Brown's application was legally unassailable.

■ On appeal, Brown mainly argues that under Section 2031 "once the applicant has established evidence of residency and good moral character then the Selectmen must issue the permit in the absence of evidence that issuance of the permit would be some threat to the public safety." Finding the record inadequate, we decline to consider this argument. Instead, we remand the case to the Superior Court with instructions to remand the same to the Board of Selectmen of the Town of Wells for a clearer explanation of the reasons underlying its decision.

■ The record in this case indicates that Brown's application was rejected by a two-to-one vote. Of the two Board members opposing the application, only one recorded her reason for so voting. Although the decision whether to issue a concealed weapon certificate rests with the Board, it is incumbent upon the Board to make known both the reasons for its decision and any findings of fact underlying that decision. *Gashgai v. Board of Registration in Medicine*, Me., 390 A.2d 1080, 1085 (1978).

■ Mr. Butler might have concluded that Brown lacked good moral character, he might have concurred in the view that no permits ought be issued,[1] or he might have

---

1. It would seem unlikely that Mr. Butler voted against the Brown application on this ground inasmuch as he voted against rescinding the two outstanding concealed weapon certificates.

based his decision on some other ground. His failure to record his reasons for denying the application prevents meaningful judicial review.

The presiding Justice's finding, drawn from the stipulated facts, that Mr. Brown "is a person to whom the selectmen may issue a certificate" (which we take to be a finding of good moral character) cannot be substituted for a finding made by the Board itself.[2] Generally speaking, the function of the Superior Court in a Rule 80B proceeding is to review findings made by administrative bodies; if the rationale supporting the administrative decision is unclear, the proper procedure is to remand the case for further clarification under the authority of M.R.Civ.P. 80B(c). 2 R. Field, V. McKusick, & L. Wroth, Maine Civil Practice § 80B.6 (1977 Supp.). Only when the administrative entity has set forth the reasons for its actions and the supporting findings of fact may the court begin its proper task of reviewing the propriety of the decision.

The entry is:

Appeal sustained.

Case remanded to the Superior Court for proceedings consistent with this opinion.

McKUSICK, C. J., and POMEROY, J., did not sit.

2. Again we emphasize that the parties stipulated only that *evidence* of Brown's good moral character was introduced, not that the Board *found* Brown to be of good moral character.