Colby SANBORN

v.

**TOWN OF ELIOT et al.**

Supreme Judicial Court of Maine.

Argued Nov. 7, 1980.

Decided Feb. 13, 1981.

Gary H. Reiner (orally), Patrick L. J. Veilleux, Kittery, for plaintiff.

McEachern & Thornhill, Duncan A. McEachern (orally), Kittery, for defendants.

Before McKUSICK, C. J., and WERNICK, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

ROBERTS, Justice.

The plaintiff, Colby Sanborn, appealed from the denial by the Eliot Board of Appeals of an application for a special use exception in a general residence zone. The Superior Court, York County, affirmed the Board's decision. Without reaching the merits of the denial, we find the record to be insufficient for a review of the Board's decision and vacate the Superior Court's judgment.

For several years, Sanborn held weekend garage sales at his residence in an area in Eliot classified as a general residence zone. Wishing to expand this enterprise into a full-time business, Sanborn applied to the Eliot Board of Appeals for a special use exception to operate an antique and used furniture shop. The Board considered the application under two special use exceptions in the Eliot Zoning Ordinance. The first permitted small retail businesses, with certain restrictions imposed on lot size and parking. The second exception allowed

home occupations, which the ordinance defined as:

> a business customarily carried on from the home, or readily adaptable to the home, which is an accessory use only of or to, the dwelling concerned, and which employs not more than three persons outside the immediate family, and which is operated by a member of the family occupying the dwelling. Customary home occupations shall include millinery, hairdressing, manicuring, laundering, preserving and home cooking, or the office of a doctor, dentist, lawyer, musician, teacher, architect, real estate broker or member of any recognized profession, providing the same is not detrimental or injurious to the neighborhood.

Following a hearing, the Board of Appeals denied Sanborn's application. The notice of decision sent to Sanborn stated, without further explanation: "Pursuant to your appeal for a special use exception to the Zoning Ordinance of Eliot, Maine, your appeal is disapproved."

On appeal, the Superior Court noted that the decision contained no fact findings and the minutes did not clearly indicate what issues the Board considered. The court then remanded to the Board to set forth findings of fact to support its decision. Thereafter, counsel for the Town forwarded to the Superior Court clerk a document in which the Board of Appeals stated:

> From the minutes, the Board determined that the application for home occupation under Article IV–B–(6) was not applicable, due to the nature of the business. In fact, the application was determined to be for a retail business in a residential zone under Article IV–B–(1).

The Board went on to find that the proposed use did not meet the lot size and parking requirements for a retail business.

After rehearing, the Superior Court affirmed the Board's decision. Although commenting that the record was not as complete as would result from a Superior Court hearing, the court found it sufficient to permit review of the Board's decision.

■ We cannot agree with the Superior Court that the record from the Board of Appeals was adequate for judicial review. Although we are sympathetic to the constraints on local boards, operating on limited budgets with lay members, we cannot ignore the Board's statutory obligation in setting forth its decision. See 30 M.R.S.A. § 2411(3)(E). Rather, as we have frequently said, the agency must state both the reasons for its decision and the underlying facts in order to ensure effective judicial review. *Brown v. Town of Wells*, Me., 402 A.2d 57, 58 (1979); *Gashgai v. Board of Registration in Medicine*, Me., 390 A.2d 1080, 1085 (1978). Otherwise, we cannot determine whether the Board may have misinterpreted the underlying facts or misconstrued the provisions of the ordinance.

This record is not like that in *Cunningham v. Kittery Planning Board*, Me., 400 A.2d 1070 (1979), where this court concluded: "although the form of the findings was unsatisfactory, the documents before [the Superior Court], in their totality, showed that the Board reviewed the [proposal] in light of the applicable criteria and complied substantially with the statutory findings requirement," 400 A.2d at 1079. Here, instead, the Board's notation that the home occupation exception was inapplicable "due to the nature of the business" gives no indication of how it applied the definition of home occupation to the proposed use. Additionally, unlike in *Cunningham*, the record lacks other documentation that could provide sufficient explanation of the Board's reasoning.

The failure of the Board to state its reasoning is especially troubling here because of the zoning ordinance's vague definition of a home occupation. The definition lists several elements, including that the business be "customarily carried on from the home, or readily adaptable to the home." We have no way of determining from the record how the Board interpreted that phrase or what factors about the proposed use the Board considered significant in concluding that Sanborn's business did not fit within the permitted category. The Board does not have discretion over granting a

permit for a special use exception. Instead, its role is limited to determining whether the proposed use meets the condition stated in the ordinance. *Stucki v. Plavin*, Me., 291 A.2d 508, 511 (1972). We cannot review an unexplained interpretation of the ordinance, where the facts relied upon are unclear, to determine whether the Board exceeded its authority.

The Superior Court noted that the record did not contain the plaintiff's application and supporting documentation for a special use exception. It then correctly concluded that the plaintiff had an obligation to ensure that the record contained these materials. 2 R. Field, V. McKusick and L. Wroth, *Maine Civil Practice* § 80B.4a (Supp.1977). The plaintiff's failure to provide sufficient documentation, however, is not the fatal defect here. Rather, the problem lies in the Board's failure to explain its reasoning, which the plaintiff's omissions do not override.

Although the issue is not dispositive, the Superior Court's first order, remanding to the Board for a statement of findings of fact, also requires comment. Our difficulty, shared by the parties, lies in determining what effect that order had. The original order was treated as a final judgment, and the plaintiff filed an appeal from it. Subsequently, the court granted the plaintiff's motion to strike the entry of judgment and "renomenclated" the decision an order.[1]

When confronted with an inadequate record, the Superior Court has two choices. First, the court may set aside the Board's decision and require a new hearing by the Board. Second, it can remand to the Board for further findings to develop the record within a stated time period, while explicitly retaining jurisdiction in order to demonstrate that the decision is not a final judgment. *See Brown v. Town of Wells*, Me., 402 A.2d 57, 59 (1979); M.R.Civ.P. 80B(c). In either case, the order must clearly state which course has been chosen to avoid the confusion that resulted from the order here.

Because we decide that the record provided an inadequate basis for judicial review, we vacate the Superior Court's judgment affirming the Board of Appeals and remand the case to the Superior Court. We further instruct the Superior Court to set aside the Board's decision and to direct that the plaintiff be given a new hearing before the Board so that a record suitable for judicial review may be made in accordance with 30 M.R.S.A. § 2411(3)(E).

The entry is:

Judgment vacated.

Remanded to the Superior Court with instructions to set aside the decision of the Eliot Board of Appeals and to direct that the plaintiff be given a new hearing.

All concurring.

---

1. The word "renomenclated" is used in the Superior Court order. We point out that a determination of whether any Superior Court decision is then appealable as a final judgment is not affected by its caption as a "judgment" or an "order."