Peter THOMAS

v.

Francis AMOROSO.

Supreme Judicial Court of Maine.

Argued Sept. 20, 1982.

Decided Oct. 26, 1982.

Dunlap & O'Brien, Murrough H. O'Brien (orally), Portland, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, William J. Kayatta, Jr. (orally), Portland, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

PER CURIAM.

Plaintiff appeals from an order of the Superior Court (Cumberland County) dismissing his complaint which asserted a claim of civil contempt and a claim under the Public Records Statute (1 M.R.S.A. § 407 (1975)) against the defendant, Chief of the Portland Police Department. The Superior Court ordered dismissal for failure to comply with the 30 day time limit specified in M.R.Civ.P. 80B(b) and we affirm that dismissal.[1]

We have previously stated that the "controlling legal principle" in determining whether a claim for relief is within the scope of Rule 80B for purposes of the applicability of the Rule's time bar to assertion of the claim is that "a collateral review of the merits of administrative action will not be undertaken by a court of equity *unless* the route of *direct* administrative-judicial appeal is inadequate to prevent irreparable damage." *Fisher v. Dame,* Me., 433 A.2d 366, 372 (1981) (quoting *Gagne v. Lewiston Crushed Stone Company, Inc.,* Me., 367 A.2d 613 (1976) (emphasis in original)).

Here it is too clear to admit of any doubt that had plaintiff timely filed a Rule 80B complaint attacking the police chief's determination under 25 M.R.S.A. § 2031 (1975)[2] because of (1) the inadequate scope of the evidence, (2) the application of an improper burden of proof by the agency and (3) the absence of findings of fact as required by 1

---

**1.** The complaint included four additional counts asserting causes of action arising under the Maine Constitution. The order of the Superior Court dismissed the entire complaint on the basis of timeliness. On appeal, plaintiff challenges only the dismissal of the two claims referred to above.

**2.** Section 2031 provided, in relevant part:
No person shall in a threatening manner display, or shall wear under his clothes, or conceal about his person any firearm, slung shot, knuckles, bowie knife, dirk, stilletto or other dangerous or deadly weapon; except

that the chief of police or city marshall of any city or the selectman of any town may upon written application therefor issue to any legal resident of such city or town of good moral character, a certificate setting forth that such person has been duly licensed to carry such weapon mentioned in the certificate.
P.L.1981, ch. 119 has since repealed and replaced section 2031. Currently, 25 M.R.S.A. § 2032 (Supp.1982–83) contains the relevant provisions pertaining to permits to carry concealed weapons.

M.R.S.A. § 407(1)[3] all of those issues would have been relevant inquiries which the court was required to resolve in order to determine the legal sufficiency of the administrative decision. Those issues, so raised, would have been resolved in the Rule 80B proceedings. *See Schwanda v. Bonney,* Me., 418 A.2d 163 (1980); *Brown v. Town of Wells,* Me., 402 A.2d 57 (1979). That being so, plaintiff's remedy under Rule 80B was adequate to prevent irreparable damage to him with respect to the claims which he subsequently elected to raise in a collateral proceeding. Thus, plaintiff is not entitled to an "alternative route" to achieve review of those claimed defects in the administrative proceedings. *Fisher,* 433 A.2d at 372.

The entry is:

Judgment of dismissal affirmed.

All concurring.

---

**3.** Section 407(1) provides, in relevant part:

**1. Conditional approval or denial.** Every agency shall make a written record of every decision involving the conditional approval or denial of an application, license, certificate or any other type of permit. The agency shall set forth in the record the reason or reasons for its decision and make finding of the fact, in writing, sufficient to appraise the applicant and any interested member of the public of the basis for the decision. A written record or a copy thereof shall be kept by the agency and made available to any interested member of the public who may wish to review it.