STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
Docket No. AP-07-8
TED- CUM-8/31/2007

SIDNEY ST. F. THAXTER and
MARY E. MCCANN THAXTER,

Plaintiffs,

v.

ZONING BOARD OF APPEALS,
CITY OF PORTLAND and
JOSHUA C. EMPSON,

Defendants.

**DECISION AND JUDGMENT**
(M.R.Civ.P. 80B)

DONALD L. GARBRECHT
LAW LIBRARY

JAN 15 2008

The plaintiffs (Thaxter) appeal pursuant to M.R.Civ.P. 80B from the City of

Portland Zoning Board of Appeals (ZBA) approval of the code enforcement officer's

(CEO) decision granting a building permit on Cushings Island to Joshua Empson.

## I. BACKGROUND

Empson owns a parcel of land at 224 Shore Road on Cushings Island. His parcel

fails to meet the minimum lot size for development. The zoning ordinance allows the

combination of a smaller lot and a non-contiguous parcel to be joined to meet the

minimum square footage, if the non-contiguous parcel is burdened by a conservation

easement. Empson is attempting to develop his lot using a non-contiguous lot to meet

the minimum lot size. The CEO approved Empson's plan and issued him a building

permit. The Thaxters' own land that abuts Empson's parcel and appealed the decision

of the CEO to issue the building permit.

On January 4, 2007, the ZBA voted 3-1 to deny the Thaxters' appeal. The ZBA

issued findings after the meeting on January 4, 2007. The ZBA subsequently voted 3-1

to adopt supplemental findings of fact on January 18, 2007 pertaining to the Thaxters' appeal. On February 15, 2007, the ZBA voted 4-0 to adopt findings and conclusions of law for the Empson parcel.

## II. DISCUSSION

This court reviews the Board's decision for "abuse of discretion, errors of law, or findings unsupported by substantial evidence in the record." *McCullough v. Town of Sanford*, 687 A.2d 629, 630 (Me. 1996). In order to prevail, the petitioner must prove that the evidence in the record "compels and contrary conclusion." *Boivin v. Sanford*, 588 A.2d 1197, 1199 (Me. 1991).

### A. Quorum

The ZBA voted 3-1 on January 4, 2007 to deny the Thaxters' appeal. By the terms of its ordinance, the ZBA is required to have four members of the ZBA concur on a vote in order "to authorize any action, to grant any request or application or to sustain any appeal."[1]

> No business shall be transacted by the board of appeals without a quorum, consisting of four (4) members, being present. Except as expressly provided herein, the concurring vote of at least four (4) members of the board shall be necessary to authorize any action, to grant any request or application or to sustain any appeal.

§ 14-548, Code of Ordinances, City of Portland Rev. 5-4-07.

Although the Portland ZBA had a quorum of four members present, the number of votes required was not addressed in *Stephenson*. That decision addressed the authority of a municipal board to act when it had less than the number of members required by the ordinance; however, Justice Alexander (joined by Justice Clifford) did

---

[1] This assumes that the ZBA was empowered to conduct business in spite of the fact that it had a vacancy at the time it heard the Thaxters' appeal given the recent Law Court decision in *Stevenson, et al. v. Town of Kennebunk*, 2007 ME 55, _____ A.2d _____ (decided April 26, 2007, after the ZBA decision).

raise the issue in a separate concurrance. He cites 1 M.R.S. § 71(3) (2006) regarding the interpretation of statutes:

> The following rules shall be observed in the construction of statutes, unless such construction is inconsistent with the plain meaning of the enactment.
>
> * * *
>
> **3. Authority to 3 or more.** Words giving authority to 3 or more persons authorize a majority to act, when the enactment does not otherwise determine.

This directive applies to statutes, but it is logical to apply the same standard to interpretation of local ordinances.

A necessary quorum of four ZBA members was present and voted on January 4, and 18, 2007. Ordinarily a 3-1 vote would be a sufficient majority for the ZBA to decide a matter; however, the ordinance also requires "the concurring vote of at least four (4) members of the board . . . *to authorize any action,* to grant any request or application or to sustain any appeal." (emphasis added)

It appears unfair to require an appellant to the ZBA to secure a unanimous vote of all four members to sustain an appeal, but less than that to deny or dismiss an appeal.

The court concludes that the term "authorize any action" includes a vote to deny or dismiss an appeal and uphold the action of the CEO. Since there was not a four member concurrence, no action should have taken place and the Thaxter appeal should have been continued until such a time as the ZBA could obtain four concurring votes in order to act to uphold the CEO's interpretation.[2]

---

[2] As a preliminary matter, plaintiffs' object to the findings of fact and legal conclusions that were approved by the ZBA on February 15, 2007 and instead submit that the only proper findings of fact and legal conclusions on the record for review are the findings dated January 4, 2007. The findings dated February 15, 2007 are not properly before the court because they were

3

## B. Record

Decisions of municipal boards are to be upheld in the absence of an "error of law, abuse of discretion or findings not supported by substantial evidence in the record." *Adelman v. Town of Baldwin*, 2000 ME 91, ¶ 8, 750 A.2d 577, 581-82 (citations omitted). A governmental entity " must state both the reasons for its decision and the underlying facts in order to ensure effective judicial review." *Sanborn v. town of Eliot, et al.*, 425 A.2d 629, 630 (Me. 1981). See also *Time Enough Inc. v. Town of Standish*, 670 A.2d 918 (Me. 1996) (requiring appellant to provide full documentation of evidence relied upon by the board in making its decision). The purpose of such a requirement is to allow a court to "determine whether the Board may have misinterpreted the underlying facts or misconstrued the provisions of the ordinance." *Sanborn*, 425 A.2d at 630. A trial of the facts under 80B(d) is appropriate to supplement the record for appellate review, not to re-try the facts of the case. *Baker's Table Inc. v. City of Portland*, 2000 ME 7, ¶ 9, 743 A.2d 237, 240.

The two-page findings of fact in the record of this case are insufficient as a matter of law to support the decision of the ZBA to uphold the decision of the issuance of the building permit. The ZBA, after accepting service of Thaxters' 80B appeal, supplemented the record by approving detailed findings of fact and conclusions of law in support of their decision. M.R.Civ.P. 80B(e) has a procedure to supplement a record. This court's review of the record is limited to the evidence relied upon by the board in making its decision. M.R.Civ.P. 80B(f).

---

created after the Thaxters filed an appeal and after the ZBA's counsel accepted service of the complaint. As such, those findings are not a part of the record from which the plaintiff appealed or the court would consider and would serve for a basis for remand, on its own.

Whereas there is no transcript of the ZBA hearing, the findings of facts issued after the hearing are insufficient. This court is unable to review the record to determine if the decision of the ZBA was adequately supported by the record.

The document purporting to be a record of the ZBA decision cannot be considered by the court because it was created after Thaxters' appeal was taken and, as acknowledged by counsel for the ZBA at oral argument, was prospective of this appeal. It is untenable that one party to an appeal can subsequently modify the record for purposes of appellate review. Since there is no transcript, it is impossible to verify the accuracy of the subsequent ZBA findings of fact and conclusions of law. Had Thaxter agreed to the record, the court may have permitted the record to be supplemented. However, in the absence of plaintiffs' agreement, the ZBA is unable to supplement the record in this manner.

## III. DECISION AND JUDGMENT

Because there is no valid final decision of the ZBA for this court to review, the clerk will make the following entry as the Decision and Judgment of the court:

**A.** Plaintiffs' appeal is sustained.

**B.** The decision of the Zoning Board of Appeals to issue the building permit is vacated.

**C.** The case is remanded to the Zoning Board of Appeals for a decision in which four members concur and for the approval of sufficient findings of fact and conclusions of law.

SO ORDERED.

DATED: August 30, 2007

Thomas E. Delahanty II
Justice, Superior Court

5

Date Filed __02-02-07__   __CUMBERLAND__ County

Docket No. __AP-07-008__

Action __80B APPEAL__

SIDNEY ST F THAXTER
MARY E MCCANN THAXTER

ZONING BOARD OF APPEALS, CITY OF PORTLAND

JOSHUA C EMPSON

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| SIDNEY ST F THAXTER ESQ<br>ONE CANAL PLAZA, SUITE 1000<br>PORTLAND ME 04112-7320<br>(207)774-9000<br><br>WILLIAM MESERVE ESQ (VISITING ATTY) | CHRIS NEAGLE ESQ  (JOSHUA EMPSON)<br>TROUBH HEISLER<br>PO BOX 9711<br>PORTLAND ME  04104-5011   tel:780-6789<br><br>JAMES R. ADOLF, ESQ. (CITY OF PORTLAND)<br>389 CONGRESS STREET<br>PORTLAND ME  04101<br>874-8480 |