STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-07-22
TDW - CUM- 11/7/2007

CPSP LLC, et al.,

Plaintiffs,

v.                                                    ORDER

RECEIVED

DONALD L.
LAW LIBR

FEB 06 2008

CITY OF SOUTH PORTLAND,
et al.,

Defendants.

Before the court are the following interlocking motions: (1) motions by defendants City of South Portland and General Growth Properties Inc. to dismiss or strike Count 2 of the complaint; (2) a motion by plaintiffs CPSP LLC and Cornerbrook LLC to specify the future course of proceedings; and (3) a motion by plaintiffs for a trial of the facts pursuant to Rule 80B(d).[1]

1.    Motion to Dismiss

Count 1 of the complaint[2] seeks review and reversal under Rule 80B of a variance granted by the South Portland Board of Appeals relating to parking requirements. Among the arguments raised in the Rule 80B count is a contention that the Board of Appeals lacked jurisdiction for various reasons to consider the variance application in question. *See* Amended Complaint ¶¶ 25, 27. Count 2 of the complaint, which is the

---

[1] While these motions were pending, plaintiffs filed a motion to amend their complaint, which was granted without opposition. Defendants, including an additional party added because of the amendment, have answered the amended complaint.

[2] All references to the complaint refer to the amended complaint. All parties have treated the motions to dismiss and strike, which were filed as to the original complaint, as if they also apply to the amended complaint.

subject of the motion to dismiss, seeks a declaratory judgment that the Board lacked jurisdiction to consider the variance application for the same reasons.

The Law Court has ruled that parties are not entitled to bring declaratory judgment actions to collaterally attack decisions reviewable under Rule 80B. *See, e.g., Thomas v. Amoroso*, 451 A.2d 898 (Me. 1982). While that principle applies most obviously to cases where a party has failed to meet the deadline for review under 80B, the same principle should also apply to prevent a party from evading the constraints of administrative review (i.e., that review is limited to the record before the board or agency below) by bringing a declaratory judgment action.

Rule 80B(i), which provides for an 80B claim to be combined with an independent action, is designed to accommodate independent claims (such as constitutional claims) that cannot be litigated in the context of a Rule 80B appeal or claims that seek relief which goes beyond any relief available under Rule 80B. In this case the so-called jurisdictional claims asserted in Count 2 are identical to claims asserted under Rule 80B in Count 1. Those claims can be fully litigated in the context of a Rule 80B appeal. Plaintiffs contend that the relief they seek in Count 2 – a declaration that the variance approved by the Board of Appeals and recorded in the Registry of Deeds is null and void – cannot be obtained in a Rule 80B action. Defendants, however, point out that a judicial decree vacating the Board of Appeals variance would have exactly the same effect and that such a decree could thereafter be filed in the registry.

In the court's view, under the circumstances of this case, Count 2 of the amended complaint serves no purpose except as a possible vehicle to evade the requirement that judicial review should be confined to the record. Accordingly, it will grant the defendants' motion to dismiss.

2

2.    Motion for Trial of Facts

Perhaps not coincidentally, plaintiffs have filed a motion for a trial of the facts under Rule 80B(d), seeking to offer one item of evidence that is not in the record below – a deed that is referenced in the variance. The City opposes the motion, while General Growth Properties suggests that the issue can be stipulated. Plaintiffs, however, do not agree to the stipulation proposed by General Growth Properties.

The court generally agrees with the proposition that a party cannot use a motion for a trial of the facts to introduce evidence that should have been offered at the administrative level. Moreover, whatever impulse caused plaintiffs to look at the deed following the Board's decision could just as easily have caused them to review the deed while the administrative proceeding was pending. Accordingly, the motion for a trial of the facts is denied at this time.[3]

Plaintiffs have already filed the administrative record. They shall have 30 days from the date this order is filed to file their brief and the briefing schedule thereafter shall be governed by Rule 80B(g).

The entry shall be:

The motion to dismiss Count 2 of the complaint is granted. Plaintiffs' Rule 80B(d) motion is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:    November _7_, 2007

_____
Thomas D. Warren
Justice, Superior Court

---

[3] However, because this is a discrete and narrow issue on which one of the opposing parties has offered to stipulate, this denial will be without prejudice to reconsideration at the time the court considers the Rule 80B appeal.

3

Date Filed 03-27-07     CUMBERLAND     Docket No. AP-07-22
                          County

Action ___ 80B APPEAL ___


CPSP LLC                              CITY OF SOUTH PORTLAND
CORNERBROOK LLC                       GENERAL GROWTH PROPERTIES (PII)
                                      GGP-MAINE MAILL LLC   (PII)

                              vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DAVID P SILK ESQ<br>SUSAN ROCKEFELLER ESQ<br>PO BOX 7320<br>PORTLAND ME 04112-7320<br>(207)774-9000 | CHRISTOPHER VANIOTIS ESQ (GENERAL GROWTH<br>BERNSTEIN SHUR SAWYER & NELSON     and<br>PO BOX 9729                 GGP-Maine Mall<br>PORTLAND ME   04104-5029              LLC)<br>774-1200<br><br>MARY KAHL, ESQ (CITY OF SOUTH PORTLAND)<br>PO Box 9422, So. Portland ME 04116 |

Date of
Entry

STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-07-22

CPSP LLC, et al,

    Plaintiff

    v.                                                    ORDER

CITY OF SOUTH PORTLAND, et al,

    Defendant


Before the court is an appeal by CPSP LLC and Cornerbrook LLC from a February 28, 2007 decision by the South Portland Board of Appeals approving an application by General Growth Properties, Inc. (GGP) to permit two or more buildings and uses to jointly use parking facilities at the Maine Mall pursuant to §27-160(j) of the South Portland Zoning Ordinance. The effect of the approval is to allow certain redevelopment at the Maine Mall using 5.5% fewer parking spaces than would otherwise be required.

CPSP LLC and Cornerbrook LLC (collectively "CPSP") are two neighboring shopping centers which oppose the Maine Mall redevelopment. Both CPSP and Cornerbrook are owned by Joseph Soley, who testified in opposition to the application before the Board of Appeals.

Section 27-160(j) of the South Portland Ordinance provides as follows:

The board of appeals may approve the joint use of a parking facility by two (2) or more principal buildings or uses where it is clearly demonstrated that said parking facility will substantially meet the intent of the requirements by reasons of variation in the probable time of maximum use by patrons or employees among such establishments.

On appeal CPSP does not challenge the substance of the February 28, 2007 decision by the Board of Appeals, but contends (1) that GGP did not have standing to seek shared parking approval because it is not the owner of the Maine Mall property at issue and (2) that the Board of Appeals did not have jurisdiction to act upon GGP's request for shared parking approval in any event.

After CPSP filed this appeal, it sought a trial pursuant to Rule 80B(d) to introduce extra-record evidence that GGP was not the owner of the property. After initially denying that request, the court ruled on January 17, 2008 that, based on various Law Court precedents, all parties were entitled to offer evidence that went beyond the record on the issue of GGP's standing. The court set the case for a non-jury trial on that issue, but the parties subsequently submitted a stipulation attaching certain documents not in the administrative record and agreeing that these documents constituted all of the extra-record evidence that they would offer on the issue of standing. Oral argument was then held on the appeal on June 27, 2008.

1.    **Standing**

It is undisputed that GGP, which applied for the shared parking approval, is not the owner of the Maine Mall property in question, but is a parent of GGP-Maine Mall LLC, the entity which actually owns the property.[1] Based primarily on Walsh v. City of Brewer, 315 A.2d 200, 207 (Me. 1974), CPSP argues that regardless of GGP's status as a parent of GGP-Maine Mall LLC, GGP did not have standing to apply for shared parking approval because GGP itself had no right, title, or interest in the property in question.

---

[1] There are multiple layers of ownership involved. GGP, a Delaware corporation, is the general partner of GGP Limited Partnership, which is the managing member of GGP LP LLC, a limited liability company which is the sole member of GGP-Maine Mall Holding LLC, which in turn is the sole member of GGP-Maine Mall LLC.

Cases since Walsh, however, have established that ownership is not a *sine qua non* of standing to seek a permit. As the Law Court noted in Murray v. Inhabitants of Lincolnville, 462 A.2d 40 (Me. 1983):

> An applicant for a license or permit to use property in certain ways must have "the kind of relationship to the . . . site" . . . that gives him a legally cognizable expectation of having the power to use that site in the ways that would be authorized by the permit or license he seeks. This principle is intended to prevent an applicant from wasting an administrative agency's time by applying for a permit or license that he would have no legally protected right to use. *Walsh* suggests that whatever the applicant relies on for his "authority" to use the land in the ways permitted by the permit he seeks must be legally enforceable and not revocable "at any moment, at the will of the owners."

462 A.2d at 43, quoting Walsh, 315 A.2d at 207. See Southridge Corp. v. Board of Environmental Protection, 655 A.2d 345, 348 (Me. 1995) (unadjudicated claim of adverse possession sufficient to confer applicant standing).[2]

The court concludes that GGP, the applicant below, had the requisite relationship to the site to have standing. The file contains a written consent by GGP-Maine Mall LLC ratifying, confirming, and approving GGP's actions on behalf of GGP-Maine Mall LLC and adopting those actions as the actions of GGP-Maine Mall LLC. Given this legally enforceable consent and given that GGP is the parent of GGP-Maine Mall LLC, GGP's authority to use the land is not subject to revocation at the will of GGP-Maine Mall LLC. GGP is not a stranger to the property who is seeking an advisory opinion and potentially wasting the Board's time. See Madore v. Maine Land Use Regulation Commission, 1998

---

[2] Cf. New England Herald Development Group v. Town of Falmouth, 521 A.2d 693, 694-95 (Me. 1987).

3

ME 178 ¶9, 715 A.2d 157, 160; Walsh, 315 A.2d at 207. GGP had the requisite applicant standing to seek the shared parking approval.[3]

## 2.   Jurisdiction

CPSP's jurisdictional argument is based on the theory that the applicable statues and the South Portland ordinance did not authorize the Board of Appeals to approve applicatiosn for shared parking. There are two statutes directly applicable to municipal boards of appeals. The first is 30-A M.R.S. §§2691, which provides that a municipality "may establish a board of appeals under its home rule authority," §2691(1), and

> may give the board the power to hear any appeal by any person, affected directly or indirectly, from any decision, order, regulation or failure to act of any officer, board, agency or other body when an appeal is necessary, proper or required. No board may assert jurisdiction over any matter unless the municipality has by charter or ordinance specified the precise subject matter that may be appealed to the board and the official or officials whose action or nonaction may be appealed to the board.

§2691(4).

The second relevant statute is 30-A M.R.S. §4353, which provides that municipalities that adopt zoning ordinances are required to establish a board of appeals. That section specifies the procedure to be followed by the board in considering appeals from any action or failure to act of the official or board responsible for enforcing the zoning ordinance. §4353(1). In deciding any appeal, §4353(2) provides that the board may interpret the provisions of any applicable ordinance, may approve the issuance of a

---

[3] CPSP points out that the February 28, 2007 Board decision (R.54-58) incorrectly describes General Growth Properties as "owners of property located at 364 Maine Mall Road, the Maine Mall." (R.54). In its legal conclusions, however, the Board did not repeat this description, but instead only found (correctly, in the court's view) that the applicant "has sufficient legal interest in the property." R.58. Because parties are entitled to offer extra-record evidence on the issue of standing and because the issue of ownership is not a necessary predicate for the Board's action, it is unnecessary to remand this case for the Board to correct its reference to ownership. CPSP also points out that based on the Board's action, the Secretary of the Board subsequently issued a "certificate of variance" describing GGP as the owner of the property. (R.53). This certificate has no legal effect (no variance was involved here), and the defendants do not object to a declaration that while the Board's action is affirmed, the certificate of variance is invalid.

special exception permit or conditional use permit in strict compliance with the ordinance and may grant variances in strict compliance with §4353(4).

The City and GGP agreed at oral argument than an approval of shared parking was not a special exception or conditional use permit within the meaning of the applicable statutes, nor was it a variance. An approval for shared parking is also not an "appeal" as that term is commonly understood. As the Law Court has noted, however, even though the statutes use the term "appeal," they nevertheless contemplate that a board of appeals will have original jurisdiction on some issues and will act in an appellate capacity on other issues. See, e.g., Stewart v. Town of Sedgewick, 2000 ME 157, 757 A.2d 773; Silsby v. Allen's Blueberry Freezer, Inc., 501 A.2d 1290, 1294 (Me. 1985).

Because appeals are not limited to cases in which the board acts in an appellate role, the provision in §2691(4) granting jurisdiction to boards of appeal to hear "any appeal . . . from any . . . regulation" so long as the precise subject matter of such an appeal is specified by municipal ordinance appears to be broad enough to encompass the authority exercised by the South Portland Board of Appeals in this case. This is particularly true because a municipality's home rule power is to be liberally construed. See 30-A M.R.S. §3001(4). Thus, as in Silsby v. Allen's Blueberry Freezer, Inc., 501 A.2d at 1293, a "literal reading" of the pertinent enabling statues would appear to support the position that the Board did not have jurisdiction. As a practical matter, however, a Board of Appeals is not required to act in an appellate capacity and may consider applications to depart from zoning regulations under conditions precisely specified by the municipality. Id.

CPSP points out that Section 27-36 of the South Portland Ordinance, which enumerates the powers and duties of the City's Board of Appeals, does not list shared parking approvals among the miscellaneous appeals entrusted to the board. Section 27-160(j) of the same ordinance, however, plainly states that "the board of appeals may approve the joint use of a parking facility by two (2) or more principal buildings or uses" under specified conditions. The court is not aware of any principle of law that an express grant of jurisdiction in a zoning ordinance is negated unless it is contained in the "powers and duties" section.

The entry shall be:

The February 28, 2007 decision of the South Portland Board of Appeals approving the application of General Growth Properties, Inc. for joint parking use pursuant to Ordinance §27-160(j) is affirmed. Since no variance is involved, the March 1, 2007 certificate of variance erroneously issued by the Board Secretary is declared void. The clerk is directed to incorporate this Order in the docket by reference pursuant to Rule 79(a).

DATED:      July 8, 2008

_____
Thomas D. Warren
Justice, Superior Court

Date Filed __03-27-07__ __CUMBERLAND__ Docket No. __AP-07-22__
County

Action ___80B APPEAL___

CPSP LLC
CORNERBROOK LLC

CITY OF SOUTH PORTLAND
GENERAL GROWTH PROPERTIES (PII)
GGP-MAINE MAILL LLC (PII)

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DAVID P SILK ESQ<br>SUSAN ROCKEFELLER ESQ<br>PO BOX 7320<br>PORTLAND ME 04112-7320<br>(207)774-9000 | CHRISTOPHER VANIOTIS ESQ (GENERAL GROWTH<br>BERNSTEIN SHUR SAWYER & NELSON     and<br>PO BOX 9729                    GGP-Maine Mall<br>PORTLAND ME  04104-5029            LLC)<br>774-1200<br><br>MARY KAHL, ESQ (CITY OF SOUTH PORTLAND)<br>PO Box 9422, So. Portland ME 04116 |

Date of
Entry