STATE OF MAINE                              SUPERIOR COURT
KENNEBEC, ss.                               CIVIL ACTION
                                            Docket No. AP-08-60
                                            MMM - KL,II - 3/24/...

PHILIP E. MORSE, SR. and
JACQUELINE M. JONES,

            Petitioners

v.                                          DECISION AND ORDER

COMMISSIONER, MAINE
DEPARTMENT OF AGRICULTURE,

            Respondent


        Pursuant to M.R. Civ. P. 80C, the petitioners seek judicial review of the

respondent Commissioner of the Maine Department of Agriculture, Food and

Rural Resources (the Commissioner)'s final agency action. By letters dated

7/3/08 and 7/28/08,[1] the Commissioner denied the petitioners' application for a

license to operate a commercial large game shooting area[2] "because the

information submitted in support was not sufficient to verify that [the

petitioners] operated a large game shooting operation at [the Peek-A-Boo Deer

Farm]" during the period from 10/1/99 to 3/15/00. (R. Tab prior to Tab A.)

Specifically, the Commissioner found that "[w]hile the affidavits of the three

individuals state that they were allowed to shoot deer they had purchased" from

petitioners at the Peek-A-Boo Deer Farm, "the information did not adequately

demonstrate that the deer farm was in fact operated as a large game shooting

facility at the time." (R. Tab prior to Tab A.) Without reaching the merits of the

---

[1] Following a request by petitioners' counsel for clarification of the Department of Agriculture's letter dated 7/3/08, a second letter, dated 7/28/08, stated that the denial of petitioners' application constituted final agency action. (See R. Tab prior to Tab A.)
[2] "Commercial large game shooting area" means "an enclosed area in which large game are kept and a fee is charged to pursue and kill or pursue and attempt to kill large game." 7 M.R.S. § 1341(1) (2008).

Rule 80C petition, the court concludes that the Commissioner's decision is inadequate to create a basis for meaningful judicial review.

Pursuant to 7 M.R.S. § 1342 (2008), the Commissioner is authorized to issue commercial large game shooting area licenses. Among other requirements, prior to issuing a license, the Commissioner must verify that the applicant operated a commercial large game shooting area during the period beginning 10/1/99 and ending 3/15/00. Id. § 1342(9). Petitioners' contend that affidavits submitted in conjunction with their application by patrons of the Peek-A-Boo Deer Farm constitute "other acceptable verification as determined by the commissioner" pursuant to section 1342(9)(C), to adequately demonstrate compliance with this requirement. See id.

Although the Commissioner has discretion in determining whether an applicant has made a sufficient showing to demonstrate compliance with the requirements for obtaining a license, it is incumbent upon the Commissioner to articulate the reasons for its decision. See Sanborn v. Town of Eliot, 425 A.2d 629, 630 (Me. 1981) (an "agency must state both the reasons for its decision and the underlying facts in order to ensure effective judicial review"); Zegel v. Bd. of Soc. Worker Licensure, 2004 ME 31, ¶ 24, 843 A.2d 18, 24 ("we may not hypothesize about the Board's reasoning"). While an agency decision of less than ideal clarity may be upheld if the agency's path may reasonably be discerned, neither the record nor the Commissioner's decision makes clear why, in the Commissioner's view, the petitioners' affidavits "did not adequately demonstrate that the deer farm was in fact operated as a large game shooting facility at the time." The court recognizes that respondent's brief attempts to explain the inadequacy of the petitioners' affidavits, suggesting that the

"statements do not compel a finding that the affiants, in fact, pursued and killed the deer, as opposed to merely being allowed to shoot deer they had purchased from the Petitioners' deer farm." (Resp't Br. at 6.) The court declines to address the merits of the respondent's assertion, however, as such justifications are not a substitute for the rationales and factual findings articulated by an agency in the administrative record. See Fed. Power Comm'n v. Texaco, Inc., 417 U.S. 380, 397 (1974) (refusing to "accept appellate counsel's *post hoc* rationalizations for agency action" because "an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself"); see also Maine Motor Rate Bureau, 357 A.2d 518, 526-27 (Me. 1976).

The Law Court has explained that, when confronted with an inadequate record, the Superior Court may either: 1) vacate the agency decision and remand the case for a new hearing; or 2) retain jurisdiction and remand for further findings that permit meaningful judicial review. See Sanborn, 425 A.2d at 631. The court concludes that the latter option is more appropriate. Accordingly, while retaining jurisdiction, this matter is remanded to the Commissioner for forty-five (45) days for further findings.

Finally, as a matter of guidance on remand, the Commissioner should address why the information submitted with petitioners' application, particularly the affidavits, does not demonstrate that the petitioners operated a large game shooting area between 10/1/99 and 3/15/00. See 7 M.R.S. § 1342(9). Specifically, because petitioners have attempted to demonstrate compliance with this requirement pursuant to section 1342(9)(C), the Commissioner should articulate why the information proffered by the petitioners is not acceptable.

The entry is

The Court retains jurisdiction of this matter and it is remanded to Respondent Commissioner of the Department of Agriculture, Food and Rural Resources for further findings consistent with this Decision and Order.


Date: March 26, 2009

Michaela Murphy
Justice, Superior Court

Date Filed __8/26/08__ ____Kenebec____ Docket No. ____AP-08-60____
County

Action __Petition For Review__
80C

~~J.JABAR~~
~~Recused~~

~~J. Mills~~
Recused

| | |
|---|---|
| Philip E. Morse, Sr. and<br>Jacqueline M. Jones | Commissioner, Maine Department<br>of Agriculture |

vs.

Plaintiff's Attorney

Peter B. Bickerman, Esq.
PO Box 5307
Augusta, ME  04332-5307

Defendant's Attorney

Mark A. Randlett, AAG
6 State House Station
Augusta, ME  04333-0006

| Date of Entry | |
|---|---|
| 8/27/08 | Petition For Review Of Final Agency Action, with Exhibits A & B, filed on 8/26/08. |
| 9/9/08 | Letter entering appearance, filed. s/Randlett, AAG |
| 9/22/08 | Certified Record, filed. s/Randlett, AAG<br>**NOTICE AND BRIEFING SCHEDULE ISSUED.**<br>Mailed to attys. of record. |
| 10/28/08 | Petitioners' Unopposed Motion for Enlargment of Briefing Deadline, filed. s/Bickerman, Esq.<br>Proposed Order, filed. |
| 11/10/08 | ORDER, Mills, J.  (11/7/08)<br>Petitioner's Motion (Unopposed) For Enlargement Of Briefing Deadline is GRANTED.  Absent further order of this Court, the deadline for the filing of the Petitioners' brief is hereby enlarged to November 17, 2008.<br>No objection.<br>Copy mailed to attorneys of record. |
| 11/18/08 | Amended Notice and Briefing Schedule mailed to attorneys of record. |
| 11/13/08 | Petitioners' Unopposed Motion for Further Enlargment of Briefing Deadline, filed. s/Bickerman, Esq.<br>Proposed Order, filed. |
| 11/25/08 | ORDER GRANTING ENLARGMENT OF TIME, Mills, J.<br>Upon good cause shown, and without objection, it is HEREBY ORDERED that the Petitioners' Motion is GRANTED. Absent further order of the Court, the deadline for the filing of the Petitioners' brief is hereby enlarged to December 2, 2008.<br>Copies mailed to attys. of record. |
| 11/26/08 | Petitioners' Unopposed Motion For Further Enlargement Of Briefing Deadline, filed.  s/Bickerman, Esq.<br>Proposed Order, filed. |

| Date of Entry | Docket No. _____ |
|---|---|
| 12/2/08 | ORDER, Mills, J. (12/1/08)<br>Petitioners' Unopposed Motion For Further Enlargement of Briefing Deadline is GRANTED.<br>The deadline for filing of Petitioners' brief is enlarged to 12/10/08.<br>Copy mailed to attorneys of record. |
| 12/9/08 | Petitioners' Unopposed Motion For Further Enlargement Of Briefing Deadline, filed. s/Bickerman, Esq.<br>Proposed Order, filed. |
| 12/11/08 | ORDER, Mills, J. (12/10/08)<br>Petitioners' Unopposed Motion For Further Enlargement Of Briefing Deadline, GRANTED.<br>The deadline for filing of Petitioenrs' brief is enlarged to 12/17/08.<br>Copy mailed to attorneys of record. |
| 12/24/08 | Brief of Petitioners, filed 12/17/08. s/Bickerman, Esq. |
| 12/30/08 | Respondent's Unopposed Motion For Enlargement Of Briefing Deadline, filed 12/24/08. s/Randlett, AAG   Proposed Order, filed. |
| 2/11/09 | Brief of Respondent Commissioner, Maine Department of Agriculture, filed. s/Randlett, AAG |
| 3/26/09 | DECISION AND ORDER, Murphy, J.<br>The Court retains jurisdictionof this matter and it is remanded to Respondent Commissioner of the Department of Agriculture, Food and Rural Resources for further findings consistent with this Decision and Order.<br>Copies to attys. of record.<br>Copies to Repositories |