STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO AP 17-014

ACADIA HOSPITAL CORP.,

     Plaintiff,

    v.

TOWN OF HAMPDEN,

     Defendant,
and

ORDER

ACADIA HEALTHCARE, INC.

     Party-in-Interest

In this 80B appeal, Acadia Hospital appeals from a ruling of the Town of Hampden Board of Assessment Review upholding the Town's assessment of a service charge imposed upon Acadia.

Acadia owns certain tax-exempt property in Hampden, Maine which it leases to an unrelated third party, Sweetser. According to the lease that has been made a part of the record, Sweetser is to use the premises as a mental health residential treatment facility. A town ordinance establishes an annual service charge to be levied against all residential property that is otherwise exempt from state or municipal taxation and is used to provide rental income. The service charge does not apply to student housing however.

The record on appeal is sparse. Although the parties discuss certain relevant facts in their briefs, the record does not contain many of the facts upon which they base their arguments. From the lease, which is part of the record, the Court can conclude that the premises were used as a residential treatment facility, but little more. From that proposition, the Court can also infer that the clients spend the night there, but no

additional detail is present in the record. Although it is the plaintiff's responsibility to provide the Court with an adequate record for review, M.R. Civ. P 80B(e), the municipality must assure that a sufficient record is created to permit judicial review. *Sanborn v. Town of Elliot*, 425 A.2d 629, 630-3 (Me. 1981). It is not clear to the Court whether a record of testimony at the hearing before the Board exists, or whether the plaintiff, or perhaps both parties, decided that it was not necessary to include testimony in the record on appeal.

In its Decision of May 4, 2017, the Board stated: "The issue presented in this appeal is whether the property in question, being owned by Acadia Hospital Corp., and leased to Sweetser which provides housing for its students/clients who are transported daily to the Sweetser school in Belfast qualifies for exemption from the Town of Hampden Service Charge Ordinance." Although the parties seem to interpret this as a finding that what is described as an issue is actually a fact, it isn't particularly clear to the Court because the issue of whether the property's use satisfied the exception was then ignored in the remainder of the Decision. The only analysis contained in the Decision is the conclusion that the property is subject to the service charge because "although it is a residential property owned by a tax exempt organization it is used to provide rental income to that organization." This states the obvious and in no way addresses the issue that the Board described as being presented. Did the Board ignore the student housing exception or did it decide the issue without providing any analysis whatsoever? Although the Court is aware of the principle that if the appealing party does not request additional findings the reviewing court should infer that the tribunal found all facts necessary to support its decision, the sparse record and inadequate Decision in this appeal form an inadequate basis for appellate review.

As a result, the Board's Order is vacated and the matter is remanded for further proceedings, which could include the creation or preparation[1] of a suitable record and a Decision that includes a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions, in conformity with M.R.S. 30-A § 2691(3)(E).

Dated: August 17, 2017

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

**ORDER/JUDGMENT ENTERED IN THE
COURT DOCKET ON:** 9-7-17

---

[1] The parties can also proceed by submitting stipulations pursuant to M.R. Civ. P. 80B(e)(2).